THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS RUSSO, Appellant.— Judgment reversed and the information dismissed on the ground that the evidence did not establish the guilt of the defendant beyond a reasonable doubt. Present — Glennon, J. P., Dore, Cohn, Callahan and Van Voorhis, JJ.; Dore and Cohn, JJ., dissent and vote to affirm.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALICE FYFE and KATHERINE MORGAN, Appellants.— We think in this case, due to the relation between the offenses charged in the two counts of the indictment, that sentence should have been imposed on both counts at the same time and the sentences made to run concurrently or one of the sentences suspended. Accordingly, the proceeding is remanded to the Court of Special Sessions for the imposition of sentence on the second count, said sentence to be suspended or to run concurrently with the sentence on the first count. Otherwise, the judgment is unanimously affirmed. Settle order on notice. Present — Peck, P. J., Glennon, Cohn, Van Voorhis and Shientag, JJ.

HARRY L. GREEN, Respondent, v. CENTRAL SAVINGS BANK, Appellant.— Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event on the ground that the verdict is contrary to the overwhelming weight of the credible evidence. Present — Peck, P. J., Glennon, Cohn, Van Voorhis and Shientag, JJ.

OLGA W. CARNEY, Respondent, v. CITY OF NEW YORK, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Peck, P. J., Glennon, Cohn, Van Voorhis and Shientag, JJ.

In the Matter of ALFRED L. ROSE et al., Appellants. WILLIAMS AUCTION SALES CORP., Respondent.— Order unanimously modified by increasing the rental value to $32,000 and as so modified affirmed, with costs to the appellants. No opinion. Settle order on notice. Present — Peck, P. J., Glennon, Cohn, Van Voorhis and Shientag, JJ.

In the Matter of the Arbitration between SAMUEL SWISLOCKI, Appellant, and EPHRAIM SPIEWAK, Respondent.— The power of attorney to plaintiff and the submission to arbitration do not make clear the subject matter of the arbitration, but if, as is otherwise indicated, the subject matter is the distribution of a decedent's estate, it would not constitute an arbitrable controversy. That does not mean that plaintiff's wife might not have a good and collectible claim through estate administration, or otherwise against defendant for funds originating in an estate but presently in a status beyond any stage of estate administration, which claim might be arbitrable, but on the present submission that does not appear to be the case. Order appealed from unanimously affirmed, with $20 costs and disbursements. Present — Peck, P. J., Glennon, Cohn, Van Voorhis and Shientag, JJ. [See post, p. 808.]