Benjamin Brenner, J.
Plaintiff moves for an order appointing a receiver pendente lite of the assets, etc., of a former partnership and restraining the defendants from transferring or disposing of such assets in an action for an accounting. Defendants cross-move for an order pursuant to rule 106 of the Buies of Civil Practice dismissing the complaint on the ground that there is another action pending between the same parties in this court or, in the alternative, for an order directing that all proceedings in this action be stayed until arbitration be had pursuant to a written agreement.
A prior action for an accounting and appointment of a receiver was instituted by the plaintiff as administratrix of the estate of Isidore Kabinoff, deceased, a former partner of the New Way Transport Co., against the surviving partners, all of whom are the children of the deceased. Subsequently the parties entered into an agreement having for its purpose the negotiation and fixation of the amounts due plaintiff as administratrix of the estate of her husband and the other parties to the agreement, as well as the sale of the partnership Interstate Commerce Commission rights and good will. Failure of the parties to reach an amicable adjustment apparently prompted the institution of the present action.
On examination of both complaints, it appears that other than adding as additional defendant the administratrix of the estate of one of the original defendants who had since passed away, the escrowee under the agreement, and the allegation of additional facts acquired relative to the assets and liabilities of the partnership, the facts and relief requested are identical. The cases cited by the plaintiff in opposition to the motion to dismiss the complaint are inapposite as to the facts and distinguishable. The addition of the escrowee and the administratrix of the estate of the original defendant does not change the nature of the action, the character of the relief and the proof to be adduced. The death of the original party defendant does not abate or discontinue the action. Nor is there substance to the contention that the first action was abandoned since the agreement entered into by the parties is to the contrary. Paragraph Fourth of the agreement reads as follows: “At the time of the payment * * * to Bose, general releases and discontinuances of pending actions shall be executed in favor of ”. The parties therefore contemplated a discontinuance of the action only and in the event they successfully settled their dif *607 ferences. Even if plaintiff had served a notice to abandon the action, as she contends, such notice would not be effective to discontinue the action (Hogg v. Allen, 277 App. Div. 893).
Plaintiff’s motion is denied and defendants’ motion is granted without prejudice to the rights and remedies of the respective parties relative to the original action. Settle order on notice.