Miles F. McDonald, J.
Motion for an order staying the arbitration of the controversy between the parties above named is granted.
Prior to the institution of this proceeding an action was commenced by Bose Kabinoff individually and as administratrix of the estate of Isidore Kabinoff for a partnership accounting against her stepsons as surviving members of a partnership *16 in which. Rose Kabinoff’s deceased husband was a member. After the commencement of this action the sale of certain assets of the partnership was being discussed with third parties, and in order to facilitate the sale, the parties proposed to enter into an agreement providing for such sale and further providing for arbitration to settle their differences. This proposed agreement was apparently unsatisfactory and a new agreement was prepared which was executed by the parties which provided for payment of the proceeds of such sale to an escrowee ‘ ‘ who shall hold said money in escrow until the claims of Rose and Minnie (the widow of another deceased partner) shall have been finally decided either by mutual consent of New Way and Rose and Minnie or by arbitration as hereinafter set forth. The said Abel Just [the escrowee] is authorized to pay out of the said sum so determined to Minnie and in the case of Rose not only her personal intestate share and the share of her son Howard but also an amount sufficient to complete the administration of the estate of Isidore Kabinoff, deceased, it being understood that the share of Milton Kabinoff shall be computed and included in the figures when the share of his widow Minnie Kabinoff is determined. ’ ’ The third paragraph of said agreement provided: “ The parties hereto, their attorneys and accountants shall negotiate and attempt to reach by mutual consent a figure which shall fairly represent the amount due Rose Kabinoff as referred to in paragraph second hereof * * *. In the event that agreement cannot be had within thirty days from the date of this contract any party may refer the unresolved matter for determination by the American Arbitration Association of the City of New York, whose decision shall be absolute, final and binding upon all of the parties hereto. ’ ’
Thereafter a second action was commenced by Rose Kabinoff which was dismissed by an order of this court (see Kabinoff v. Kabinoff, 6 Misc 2d 605). In view of the dismissal of the complaint in that action it was not necessary for the court to construe this agreement on that motion although reference is made thereto in the court’s decision.
From a study of the agreement it becomes clear that the surviving partners intended to prevent their stepmother as administratrix of their father’s estate from acquiring the entire interest of their father in the partnership, but intended to carve out from their father’s interest their own interest and permit the administratrix to receive only the interest of herself, her son by the decedent and a sum to be fixed as a result of the arbitration which would defer the costs of the administration proceeding. Such computation necessarily involves the intestate share of *17 an infant and the rights of creditors in the estate of the deceased and may not be the subject of arbitration. (Matter of Swislocki [Spiewak], 273 App. Div. 768.)
In the demand for arbitration the surviving partners seek to avoid this construction of the arbitration agreement by providing that the arbitration shall determine the amount due Rose Kabinoff as administratrix of the estate of Isidore Kabinoff, deceased, etc., said amount constituting the value of the partnership interest of Isidore Kabinoff, deceased, in and to the net worth of the New Way Transport Company. This is not in conformity with the original arbitration agreement which, if it had been expressed in these terms, would have been arbitrable. The desire of the surviving partners to prevent their share of the assets of their father’s estates from coming into the hands, of the lawfully appointed administratrix renders the agreement insofar as the arbitration provisions are concerned invalid.
In view of the foregoing it is unnecessary to pass upon the question as to whether or not the agreement was induced by fraud on the part of the surviving partners.
Settle order.