John D. Bennett, S.
There are presently two proceedings pending before the court, one for the probate of the last will and testament of the decedent and the other, an accounting by the temporary administrator. Objection “ Second ” to the accounting brings up the question of the court’s jurisdiction, not only as to the accounting but as to the probate proceeding as well. This objection is based upon the claim that this court’s jurisdiction has been pre-empted by an ecclesiastical tribunal, and that “ such tribunal heard the parties, examined the evidence produced and thereafter rendered its binding decision and award ”.
The decedent died October 5, 1964 and the instrument purported to be his last will and testament is dated August 30,1964. The petition for probate was filed with the court on December 22,1964, with a supplemental petition filed August 13, 1965. Jurisdictional and other problems delayed the probate and the petitioner was appointed temporary administrator on May 3, 1967. The decedent was survived by one brother (the petitioner), 11 nephews and nieces and 4 grandnieces, in all 16 distributees, and the petition lists 5 creditors. The petitioning brother is the sole beneficiary under the will.
The court has received a copy of what purports to be an agreement for arbitration, dated April 29 with the year not shown but presumably 1966. This was purportedly signed by four of the distributees and contains a statement that one of them is acting for two other distributees (although no proof of that fact is submitted). By the terms of such agreement, they agreed to submit to a Rabbinical Court acting as arbitrators under the laws of the State of New York “ all controversies between them with respect to the estate of Jacob Jacobowitz, deceased, * * * including but not limited to the validity of any and all wills made by the said Jacob Jacobowitz, deceased and the disposition of this Estate under any such wills made by this or irrespective of any such will and do hereby agree to abide by the decision of the Rabbinical Court mentioned above.”
The copy of the Rabbinical Court decision filed with the court is dated August 4,1966 at Forest Hills, New York, and purport *332 edly signed by three Rabbis, acknowledged by one of the Rabbis in Montreal, Canada, another Rabbi in the City of Jerusalem, each before the United States Consul, and the third Rabbi before a notary public in Queens County. This decision purports to divide the estate, consisting of four insurance policies, between two of the persons appearing before them, one of them being the petitioner herein. No reference is made to absent distributees or to creditors of the estate.
The grounds for requesting dismissal of objection “ Second ” are that the application to confirm the award was not made within one year as required by CPLR 7510; that the award was not acknowledged and sworn to before a notary public; and that enforcement of the award would be a denial of the rights of the parties to this action without due process of law. The objecting party, in seeking to uphold the arbitration award, alleges that this is a common-law arbitration which may be confirmed after one year of the making of the award; that the award was duly acknowledged; and that the parties not participating in the award have their rights, in that the statute provides them a remedy, referring to CPLR 7511 (subd. [b], par. 2). This section provides the means whereby a party who did not participate in the arbitration may apply to the court to vacate the award under conditions enumerated therein. The objectant asks this court to adopt and enforce the award.
The court, in referring to “ The Spirit of Jewish Law” by G-eorge Horowitz, 1953, Central Book Company, New York, in Chapter XXXVII (pp. 650-652) finds that, according to the Talmudic Law, “ ‘ (i)t is forbidden to litigate before judges or tribunals of idolaters even when their law is similar to Jewish law’”. This was subsequently modified and “was construed in a narrow sense as excluding Christian and Moslems who were not deemed idol-worshippers ” and that “ (s)ettlement by voluntary arbitration rather than trial at law was recommended and, indeed, preferred.” But, according to Maimonides, “‘(e)ven if both litigants have consented to arbitration by the court, they have the right to change their minds and demand a decision at law, unless both have pledged themselves by kinyan to abide by the outcome of the arbitration.’ ” However, whatever position the Jewish law may take today regarding the probating of wills and settling of estates, the civil law of the State of New York must be applied and is the only law this court can consider.
The court agrees with the petitioner’s contention that the arbitration as conducted certainly was a denial of the legal rights of the distributees and creditors who were not represented. The issue presented, as the court views it, is whether *333 the validity of a will and the disposition of an estate can be the subject of an arbritration proceeding under the laws of this State.
Article VI (§ 12, subd. d) of the New York State Constitution reads: ‘1 The surrogate’s court shall have jurisdiction over all actions and proceedings relating to the affairs of decedents, probate of wills, administration of estates and actions and proceedings arising thereunder or pertaining thereto ”. SCPA 1408 (subd. 1) (formerly section 144 of the Surrogate’s Court Act) reads: ‘ ‘ Before admitting a will to probate the court must inquire particularly into all the facts and must be satisfied with the genuineness of the will and the validity of its execution.” EPTL 3-1.1 (formerly section 15 of the Decedent Estate Law) states the qualifications of who may make wills and EPTL 3-2.1 (formerly sections 21 and 22 of the Decedent Estate Law) states the formal requirements for execution and attestation of wills.
The Constitution and statutes impose on the Judge of the Surrogate’s Court more than just a pro forma or cursory obligation as to the testamentary capacity of the decedent, the genuineness of the will, and the validity of its execution, and have been adjudicated many times. The law imposes upon the court the duty to determine these requirements on its own initiative. It has been held that, if the conscience of the court is not judicially satisfied that the instrument contains the last will of the deceased, the court is bound to deny probate (Matter of Boyle, 208 Misc. 942). In Matter of King (130 Misc. 907), referring to section 144 of the Surrogate’s Court Act (now SCPA 1408), it was held that the court must be satisfied with the genuineness of the will and the validity of its execution, and that this duty the Surrogate cannot disregard even if no objections to probate have been filed.
It can thus be seen that even where all of the proper parties are before the court, the Legislature has imposed such requirements as to who may make a will and its proper execution that, even without objections to probate, the court has the duty to exercise its judicial conscience before admitting the instrument to probate. That the distribution of a decedent’s estate would not constitute an arbitrable controversy was held in Matter of Swislocki (Spiewak), 273 App. Div. 768, mot. for lv. to app. den. 273 App. Div. 808), and, where the intestate share of an infant and the rights of creditors in an estate of the deceased were involved, it could not be the subject of arbitration (Matter of Kabinoff, 19 Misc 2d 15).
*334 The probate of an instrument purporting to be the last will and testament of a deceased and the distribution of an estate cannot be the subject of arbitration under the Constitution and the law as set forth by the Legislature of the State of New York and any attempt to arbitrate such issue is against public policy.
The objection “ Second ” affecting the jurisdiction of this court is dismissed.