William J. Regan, S.
A petition to probate the last will and testament of the above-named deceased was filed with this court on April 8, 1974. The will in question consists of three typewritten sheets dated February 13,1974, and appears to have been subscribed ¡by “ X ” mark. It further appears that the name of the deceased is written out in longhand by one other than the deceased. The attestation clause is so worded as to indicate that the signature of the deceased was affixed by one Karen N. Smith at the direction of the deceased.
In view of the appearance of the will, the undersigned required some testimony to support petitioner’s contention that the statutory requirements of due execution were fully complied with. The questions created by this document concern the “ X ” mark contained ¡at the end of the will, the name of the testatrix as affixed to the will by Karen N. Smith, a daughter of the deceased and a beneficiary under the will, and whether the said Karen N. Smith loses her ¡bequest under the will by reason of her participation in the execution of said will. These questions prompted the undersigned to examine the subscribing witnesses in order to satisfy himself with the genuineness of the will and the validity of its execution in spite of the fact that no controversy exists herein, it being noted that all the distributees have waived service of a citation pertaining to this proceeding. (Matter of Jacobovitz, 58 Misc 2d 330; Matter of Boyle, 208 Misc. 942.)
Upon close examination and after conducting its own inquiry, this court is satisfied that the “X” mark contained on the line *23 provided for the testatrix’s signature was actually affixed thereto by the testatrix. Also, decedent’s daughter, Karen N-. Smith, wrote in the name of the decedent at the direction of decedent. Thus, to assure sufficiency of execution under circumstances arising out of the physical disability of the deceased, two methods of execution resulted. Either of these procedures standing alone is substantially in compliance with the requirements of due execution. The law is well settled that a cross mark is the signature of the deceased. (Jackson v. Jackson, 39 N. Y. 153.) The only requirement under the law is that such mark be proved to the satisfaction of the Surrogate. The testimony of Karen N. Smith could serve to prove the mark as well as that of1 the subscribing witness. The mark may be proved by anyone who saw the mark made. In this ease, of course, the testimony of the subscribing witness established the signature of the decedent by mark. The questions affecting the signature of the deceased as written out by Karen N. Smith at the direction of the deceased and application of EPTL 3-3.2 thereby become academic.
The unique situation that presents itself in the absence of a finding that testatrix subscribed the will by mark deserves some comment. It is to be noted that EPTL 3-2,1 provides:
“ (a) Except for nuncupative and holographic wills authorized by 3-2.2, every will must be in writing, and executed and attested in the following manner:
“ (1) It shall be signed at the end thereof by the testator or, in the name of the testator, by another person in- his presence and by his direction, subject to the following: * * *
“ (0) Any person who .signs the testator’s name to the will, as provided in subparagraph (1), shall sign his own name and affix his residence address to the will but shall not be counted as one ,of the necessary attesting witnesses to the will. A will lacking the signature of the person signing the testator’s name shall not be given effect; provided, however, the failure of the person signing the testator’s name to affix his address shall not affect the validity of the will. ’ ’
The finding made herein, that the “ X ” mark affixed to the will is the true signature of the deceased, precludes the application of the above. Were this not so, however, and had the subscription to the will by the deceased been affixed by her daughter, Karen ¡N". Smith, at the direction of the deceased, then in such event EPTL 3-3.2 would have to be considered. EPTL 3-3.2 provides :
“ (a) An attesting witness to a will to whom a beneficial disposition or appointment .of property is made is a competent *24 witness and compellable to testify respecting the execution of such will as if no such disposition or appointment has been made, subject to the following:
“ (1) Any such disposition or appointment made to an attesting witness is .void unless there are, at the time of execution and attestation, at least two other attesting witnesses to the will who receive no beneficial disposition or appointment thereunder.”
It appearing that EPTL 3-3.2 makes specific reference to “ attesting .witness ” and that EPTL 3-2.1 specifically states that a person who signs the testator’s name shall not be counted as one of the necessary attesting witnesses, then it is to be logically concluded that a person acting as a witness to the mark or subscription of a deceased is acting in a capacity other than a subscribing witness, there otherwise being two subscribing witnesses. Under the circumstances the witness Karen N. Smith would not stand to lose whatever beneficial disposition is provided for her in the will.