■ In the Matter of the Arbitration between AHARON M. M. BERGER et al., Appellants, and SHULEM Z. BERGER et al., Respondents. — In a proceeding pursuant to CPLR 7510 to confirm an arbitration award of a Rabbinical Tribunal, in which respondent Berger cross-moved to vacate the award, petitioners appeal from a judgment of the Supreme Court, Kings County, dated August 8, 1980, that denied the petition and granted the cross motion on the ground that the subject of the arbitration, viz., the distribution of a decedent's estate, was not an arbitrable matter in New York State. Judgment affirmed, with $50 costs and disbursements. Petitioners are a son and the sons-in-law of decedent Eliakim Gacil Berger, also known as Gerson Berger. Shulem Zvi Berger (hereinafter respondent) is the decedent's firstborn son. Petitioners and respondent are English domiciliaries, as was decedent, who died a resident of England in September, 1977. One month before his death, the decedent wrote a letter, in Hebrew, in which he made certain dispositions of property and commanded that his son Shulem Zvi "do all that is necessary to fullfil my wishes expressed in this Will." Among the directions in the letter were that any company "or Charity Company" in which he had an interest was to come under the sole direction of his "four children" and all benefits due him were to be divided equally among the four children. When disputes arose, an interpretation of the "will" was sought by petitioners and respondent from a Rabbinical Tribunal. The submission (called by the parties "Clarification Document") was executed in Brooklyn, New York, but otherwise makes no reference to New York. Indeed, it states that the decision of the tribunal shall be valid according to "Jewish Law and *** the Law of England." A "Decision and Verdict" was rendered by the Tribunal which states, *inter alia*, that "This verdict relates to all interests and properties of [the decedent] wherever situated, including, but not limited to [three domestic corporations, the co-respondents herein]." This proceeding was brought to confirm the tribunal's decision· or award, evidently to obtain the compliance of the respondent. Confirmation was properly denied. As Special Term stated, the distribution of a decedent's estate is precluded from submission to arbitration on the ground of public policy (see *Matter of Swislocki [Spiewak],* 273 App Div 768, mot for lv to app den 273 App Div 808; *Matter of Jacobovitz,* 58 Misc 2d 330; *Matter of Kabinoff,* 19 Misc 2d 15). It is clear that in the present case the letter of Gerson Berger does indeed purport to be the last will and testament of the deceased and to provide for the distribution of his estate. That the tribunal's interpretation of the "letter" is an attempt to determine the distribution of a decedent's estate is readily discernible from the "decision and verdict." The tribunal's decision may not, therefore, be confirmed. "The probate of an instrument purporting to be the last will and testament of a deceased and the distribution of an estate cannot be the subject of arbitration *** and any attempt to arbitrate such issue is against public policy" *(Matter of Jacobovitz, supra,* p 334). Were the arbitration not against public policy, we would dismiss the proceeding on the ground of *forum non conveniens* (see CPLR 327). The agreement to arbitrate, although executed in New York, states that the decision of the tribunal will be valid under "Jewish Law and *** the Law of England." Notably, New York is omitted. The decedent was a domiciliary of England and resident there at the time of his death. The petitioners and respondent are domiciled in England. The trust and

charitable association, which disputedly own the co-respondent domestic corporations, are organized under English law. In short, the significant contacts are not with New York at all and New York should decline to offer itself as a forum (cf. *Irrigation & Ind. Dev. Corp. v Indag S.A.*, 37 NY2d 522). Hopkins, J.P., Lazer, Gibbons and Cohalan, JJ., concur.