■ COPIAGUE UNION FREE SCHOOL DISTRICT, Appellant, v COPIAGUE TEACHERS ASSOCIATION, Respondent.—In a proceeding to stay arbitration pursuant to CPLR article 75, the appeal is from an order and judgment (one paper) of the Supreme Court, Suffolk County (Lama, J.), dated April 5, 1984, which denied petitioner's application.

Order and judgment affirmed, without costs or disbursements.

On or about March 19, 1970, Rose Gold, a physical education teacher employed by petitioner Copiague Union Free School District (hereinafter the District) was seriously injured during the course of her employment. Ms. Gold subsequently taught intermittently until November 27, 1973. Since that date, however, she has not returned to work in any capacity.

Despite the failure of Ms. Gold to perform any services whatsoever, the District continued to make salary payments to her, together with step advancement and negotiated salary increases for each and every year through June 1982. The payments were made pursuant to article XIV (A) (3) of the collective bargaining agreement dated June 20, 1968, which was in effect at the time of Ms. Gold's injury. This provision states, in relevant part, that "[w]henever a teacher is absent from school as a result of personal injury * * * occurring in the course of his employment, he shall be paid his full salary during such absence".

As of the end of June 1982, however, the District ceased paying Ms. Gold's salary. In late September 1982, the respondent Copiague Teachers Association submitted a grievance, alleging that the District's termination of Ms. Gold's salary was in violation of the 1968 collective bargaining agreement.

The grievance proceeded to level three in accordance with the collective bargaining agreement. The District denied the grievance, reasoning that the subject provision of the 1968 agreement may not be construed so as to grant a teacher who is injured on the job the right to collect his or her salary indefinitely. The District, in its decision, stated: "If the section is to be construed as one of indefinite duration without any time limitation whatsoever, then we believe it to be constitutionally infirm since it would require the payment of public monies for an indeterminate period without services being rendered".

After the District denied Ms. Gold's grievance, respondent demanded arbitration. The District then commenced this proceeding to stay arbitration. Special Term denied the application for a stay and this appeal ensued. We now affirm.

The District argues that to permit the arbitration demanded by respondent would violate public policy. We disagree. The argument that the arbitrator might make an award that could be said to be in violation of public policy does not justify judicial intervention at this stage (*Matter of Board of Educ.*

[*Connetquot Teachers Assn.*], 60 NY2d 840; *Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.*, 45 NY2d 411).

For example, if the arbitrator were to conclude that Ms. Gold was entitled to a continuation of her salary for a reasonable time only, and that she had already received salary for a reasonable period of time, clearly there would be no violation of public policy. Should he find otherwise, then the respondent may argue that public policy has been violated by the arbitrator's action. Gibbons, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.