■ In the Matter of the Arbitration between IMPERIAL HOUSE, Respondent, and LOCAL 32B-32J, SERVICE EMPLOYEES INTERNATIONAL UNION, Appellant.—In a proceeding to stay arbitration pursuant to CPLR article 75, the appeal is from so much of an order of the Supreme Court, Nassau County (McCabe, J.), entered February 5, 1988, as, upon reargument, declared invalid and unenforceable article VI (1) (a) of the collective bargaining agreement between the parties.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the provision declaring invalid and unenforceable article VI (1) (a) of the collective bargaining agreement is deleted.

The petitioner Imperial House, an apartment building located in Freeport, New York, and the appellant, Local 32B-32J, Service Employees International Union (hereinafter the Union), which represented several building service employees of the petitioner, entered into a collective bargaining agreement (hereinafter the Agreement) which required arbitration of "[a]ny dispute or grievance between the Employer and the Union which cannot be settled directly by them".

Thereafter, the petitioner conveyed title to its business premises, failing to comply with certain provisions of the Agreement governing the transfer of control or operation of the business premises. Specifically, it is undisputed that Imperial House neither provided the Union with advance notice of the sale nor required, as a condition of the transfer, that its successor assume the agreement and offer employment to all employees covered by the Agreement. For a violation of these provisions, the Agreement dictates that the employer "shall pay, in addition to such further damages as may be found by the Arbitrator, six (6) months pay for the benefit of the employees as liquidated damages to them".

The Union announced its intention to arbitrate concerning Imperial House's breach of the Agreement, advising specifically: "the Union will claim six months liquidated damages on behalf of the employees, plus such other relief as the arbitrator deems appropriate".

Imperial House commenced a proceeding to stay arbitration, asserting, *inter alia,* that the claim for liquidated damages of six months' pay constitutes an unenforceable penalty. The Union maintained that inasmuch as the dispute was clearly arbitrable, it was not for the court to rule on the viability of the provision. The Supreme Court, Nassau County, ultimately ruled that the provision represented a penalty, interpreting it as authorizing "an agreement to pay six (6) months salary *in addition* to actual damages", and, therefore, declared it invalid and unenforceable.

The legislatively imposed and judicially espoused "policy of noninterference" in arbitration proceedings *(Matter of Sprinzen [Nomberg],* 46 NY2d 623, 629; *see,* CPLR 7501, 7503; *Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1) limits a court's role, upon an application to stay arbitration, to determining whether the parties agreed to submit their dispute to arbitration and, if so, whether the subject matter of the dispute falls within the arbitration provisions *(Sisters of St. John the Baptist, Providence Rest Convent v Geraghty Constructor,* 67 NY2d 997; *Matter of County of Rockland [Primiano Constr. Co.], supra).* Once the court has determined that a reasonable relationship exists between the subject matter of the dispute and the subject matter of the underlying agreement to arbitrate, the court's inquiry is ended *(Sisters of St. John the Baptist, Providence Rest Convent v Geraghty Constructor, supra).* Preemptive judicial intervention in the arbitration process is warranted where the arbitrator could not grant any relief without violating public policy *(Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn.,* 45 NY2d 411, 417-418). However, the mere possibility that the arbitrator's award might be violative of public policy is insufficient to justify such intervention in view of the arbitrator's broad powers to fashion appropriate relief *(see, Matter of Enlarged City School Dist. of Troy [Troy Teachers Assn.],* 69 NY2d 905, 906-907; *Avon Prods. v Solow,* 150 AD2d 236; *Copiague Union Free School Dist. v Copiague Teachers Assn.,* 112 AD2d 912).

Upon rendering its determination that the broad arbitration provision contained in the collective bargaining agreement encompassed the instant dispute, the Supreme Court, Nassau

County, should have directed that the matter proceed to arbitration, since even if the arbitrator were to award damages consistent with the liquidated damages clause, it is by no means certain that the award would constitute a penalty which may be characterized as violative of "public policy of such magnitude as to call for judicial intrusion" *(Matter of Associated Gen. Contrs. [Savin Bros.],* 36 NY2d 957, 959; *see, Board of Educ. v Niagara-Wheatfield Teachers Assn.,* 46 NY2d 553, 557-558; *cf., Morgan Servs. v Lavan Corp.,* 59 NY2d 796; *Sweeney v Morganroth,* 451 F Supp 367). Accordingly, we reinstate the liquidated damages provision of the agreement. Thompson, J. P., Rubin, Sullivan and Balletta, JJ., concur.