■ JAMES TYSON, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [604 NYS2d 130] —In a hybrid action to recover damages under Executive Law § 296 (1) (a) for discrimination, and a proceeding pursuant to CPLR article 78 to compel the respondents to appoint the appellant to the position of Correction Officer

Trainee, the appeal is from an order and judgment (one paper) of the Supreme Court, Kings County (Garry, J.), dated February 13, 1991, which, at the close of the appellant's case after a nonjury trial, granted judgment as a matter of law to the respondents, and dismissed the action and proceeding.

Ordered that the order and judgment is affirmed, without costs or disbursements.

The appellant's name was removed from the eligible list for the position of Correction Officer Trainee after it was discovered that he suffered from high blood pressure and a lesion on his right lung. Thereafter, the appellant commenced the instant hybrid action and proceeding, alleging, *inter alia,* that the New York State Department of Civil Service violated Executive Law § 296, which makes it an unlawful discriminatory practice to reject a job applicant because of a disability which does not affect the applicant's ability to perform the duties of the position sought by the applicant *(see also,* Executive Law § 292 [21]).

At the close of the appellant's case, the trial court granted the respondents' motion for judgment as a matter of law on the ground that the appellant had failed to establish a prima facie case of discrimination. The appellant contends that the trial court erred in granting the motion, since the evidence presented during his direct case raised an issue of fact. We disagree.

The uncontradicted testimony of one of the appellant's witnesses established that his medical conditions would prevent him from performing the duties of a correction officer. Therefore, since the appellant failed to present any proof that his disqualifying disabilities would not affect his ability to perform the duties of a correction officer, he failed to establish a prima facie case of discrimination *(see, Matter of LaMotta v New York City Tr. Auth.,* 165 AD2d 875). Eiber, J. P., O'Brien, Santucci and Joy, JJ., concur.