In the Matter of JOHN MOLFINO, Appellant, v TOWN OF SHELTER ISLAND et al., Respondents. [651 NYS2d 591] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Town of Shelter Island, dated May 23, 1994, which terminated the petitioner from his employment as a construction equipment operator with the Shelter Island Highway Department, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Lifson, J.), entered September 15, 1995, which denied the petition and dismissed the proceeding. Justice Joy has been substituted for the late Justice Hart (*see*, 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed, with costs.

We agree with the Supreme Court that since the petitioner was absent from work in excess of one year due to an occupational injury, the respondents properly terminated his employment pursuant to Civil Service Law § 71 (*see, Matter of Allen v Howe*, 84 NY2d 665; *see also, Matter of Duncan v New York State Dev. Ctr.*, 63 NY2d 128; *Matter of Economico v Village of Pelham*, 50 NY2d 120). In addition, the petitioner has failed to set forth a valid claim of discrimination under Executive Law § 296 (1) (a) since it is undisputed that the petitioner is no longer able to perform the duties of his position (*see, Tyson v New York State Dept. of Correctional Servs.*, 198 AD2d 408). Moreover, there is no support for the petitioner's conten-

tion that the respondents unlawfully discriminated against him based on their alleged failure to find other suitable work for him. Finally, the Supreme Court properly dismissed the petitioner's claim based on breach of contract as such claims are best determined in a plenary action, not in a proceeding pursuant to CPLR article 78 (*see, Matter of Cromwell Towers Redevelopement Co. v City of Yonkers*, 41 NY2d 1, 5; *Matter of Goodstein Constr. Corp. v Gliedman*, 117 AD2d 170; *Matter of Corbeau Constr. Corp. v Board of Educ.*, 32 AD2d 958). Miller, J. P., Ritter, Copertino and Joy, JJ., concur.