■ In the Matter of ENLARGED CITY SCHOOL DISTRICT OF MIDDLETOWN NEW YORK, Appellant, v CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Respondent. [49 NYS3d 560]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a grievance arising out of a collective bargaining agreement, the petitioner appeals from (1) an order of the Supreme Court, Orange County (Slobod, J.), dated February 11, 2016, and (2) an amended order of the same court dated February 19, 2016, which denied the petition.

Ordered that the appeal from the order dated February 11, 2016, is dismissed, as that order was superseded by the amended order dated February 19, 2016; and it is further,

Ordered that the amended order dated February 19, 2016, is reversed, on the law, the petition is granted, and the arbitration is permanently stayed; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

The petitioner, the Enlarged City School District of Middletown New York (hereinafter the district), and the respondent, the Civil Service Employees Association, Inc. (hereinafter the union), are parties to a collective bargaining agreement (hereinafter the CBA).

In 2014, Thomas Turco, a member of the union, sustained an on-duty injury to his left shoulder. After Turco was out of work for more than one year on Workers' Compensation leave, the district terminated his employment pursuant to Civil Service Law § 71. Turco filed a grievance, alleging that such termination violated the CBA. After Turco's grievance was denied, the union filed a demand for arbitration. The district then commenced this proceeding pursuant to CPLR article 75 to permanently stay arbitration. In an amended order dated February 19, 2016, the Supreme Court denied the district's petition. By decision and order on motion dated April 25, 2016, this Court granted the district's motion for a temporary stay of the arbitration proceedings.

Despite the general policy favoring the resolution of disputes by arbitration, some matters, because of competing considerations of public policy, cannot be heard by an arbitrator. "If there is some statute, decisional law or public policy that prohibits arbitration of the subject matter of dispute, . . . 'the claim is not arbitrable' " (*Matter of City of New York v Uniformed Fire Officers Assn., Local 854, IAFF, AFL-CIO*, 95 NY2d 273, 280-281 [2000], quoting *Matter of Committee of Interns & Residents [Dinkins]*, 86 NY2d 478, 484 [1995]). Indeed, the public policy exception can be invoked as a threshold issue to preclude arbitration pursuant to CPLR 7503 (*see Matter of City of Long Beach v Civil Serv. Empls. Assn.*,

*Inc.—Long Beach Unit*, 8 NY3d 465 [2007]). "Preemptive judicial intervention in the arbitration process is warranted where the arbitrator [cannot] grant any relief without violating public policy" (*Matter of Imperial House [Local 32B-32J, Serv. Empls. Intl. Union]*, 154 AD2d 534, 535 [1989]).

The district contends that arbitration of the subject matter of the dispute was prohibited by public policy, and in effect, decisional law. We agree.

In *Matter of Economico v Village of Pelham* (50 NY2d 120 [1980], *overruled on other grounds Matter of Prue v Hunt*, 78 NY2d 364 [1991]), the petitioner, a police officer with permanent civil service status, was injured in an automobile accident not related to his employment. The petitioner's employment was terminated pursuant to Civil Service Law § 73 and he then commenced a proceeding pursuant to CPLR article 78, claiming that his dismissal was in contravention of his rights under a collective bargaining agreement, and seeking reinstatement and back pay. The Court of Appeals held that "public policy prohibits an employer from bargaining away its right to remove those employees satisfying the plain and clear statutory requisites for termination" (*Matter of Economico v Village of Pelham*, 50 NY2d at 129).

Here, the district terminated Turco's employment pursuant to Civil Service Law § 71. Section 71 provides that a public employer may terminate an employee who is absent due to an occupational disability for a cumulative period of one year if the employee remains physically or mentally unable to return to work (*see* Civil Service Law § 71; *Matter of Allen v Howe*, 84 NY2d 665, 669 [1994]; *Matter of Molfino v Town of Shelter Is.*, 234 AD2d 549, 549 [1996]). The Court of Appeals stated, in *Matter of Allen v Howe*, that section 71 distinguishes absences occasioned by occupational injuries, from section 73 absences due to those injuries sustained outside the scope of employment, for purposes of reinstatement to the civil service after an employee has exhausted disability leave and the employment is terminated (*Matter of Allen v Howe*, 84 NY2d at 672). However, both sections of the Civil Service Law establish "the point at which injured civil servants may be replaced," as they "strike a balance between the recognized substantial State interest in an efficient civil service and the interest of the civil servant in continued employment in the event of a disability" (*id.* at 672). Accordingly, for the same reason that public policy was implicated in *Matter of Economico v Village of Pelham*, i.e., the abrogation of the authority granted to a public employer by the statute to terminate the employee, it is implicated in the instant matter.

We further agree that an arbitrator would not be able to fashion a remedy that would not violate public policy in this matter. Thus, a preemptive stay of the instant matter is not improper (*see Matter of City of Long Beach v Civil Serv. Empls. Assn., Inc.—Long Beach Unit,* 8 NY3d 465 [2007]; *Matter of Imperial House [Local 32B-32J, Serv. Empls. Intl. Union],* 154 AD2d at 535; *cf. Matter of Committee of Interns & Residents [Dinkins],* 86 NY2d 478 [1995]).

Accordingly, the Supreme Court should have granted the petition to permanently stay arbitration. Chambers, J.P., Austin, Sgroi and Cohen, JJ., concur.