Ventura v Donado Law Firm, P.C. (2020 NY Slip Op 00888)





Ventura v Donado Law Firm, P.C.


2020 NY Slip Op 00888


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2017-02053
 (Index No. 610794/15)

[*1]Jose Ventura, appellant, 
v
Donado Law Firm, P.C., et al., respondents, et al., defendants.


Beth E. Goldman, New York, NY (Julie Anne Howe of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for violations of Real Property Law § 265-b, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated August 23, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendants Donado Law Firm, P.C., and Valmiro Donado which was to stay the action and to compel arbitration of the plaintiff's claims against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing on the issue of whether the defendants Donado Law Firm, P.C., and Valmiro Donado directly provided consulting services to the plaintiff in the course of their regular legal practice, and thereafter, a new determination of that branch of the motion of the defendants Donado Law Firm, P.C., and Valmiro Donado which was to stay the action and to compel arbitration of the plaintiff's claims against them.
The plaintiff alleged that he was a victim of a foreclosure rescue scam perpetrated by, among others, the defendants Donado Law Firm, P.C., and Valmiro Donado (hereinafter together the Donado defendants). The plaintiff commenced this action alleging, inter alia, violations of Real Property Law § 265-b. The Donado defendants moved, inter alia, to stay the action and to compel arbitration of the plaintiff's claims against them. In support of their motion, the Donado defendants submitted, inter alia, a copy of a securitization mortgage audit service agreement dated February 11, 2013 (hereinafter the service agreement), among the plaintiff, Donado Law Firm, P.C., and the defendant American Hope Group, Inc. The service agreement contains an arbitration provision. The Supreme Court, inter alia, granted that branch of the Donado defendants' motion which was to compel arbitration of the plaintiff's claims against them, and the plaintiff appeals.
We disagree with the Supreme Court's determination granting that branch of the Donado defendants' motion which was to compel arbitration of the plaintiff's claims against them. If there is a statute, decisional law, or public policy that prohibits arbitration of the subject matter of the dispute, then a claim is not arbitrable regardless of whether the terms of the particular arbitration agreement purport to cover the dispute (see Matter of City of New York v Uniformed Fire Officers Assn., Local 854, IAFF, AFL-CIO, 95 NY2d 273, 280-281; Matter of Committee of Interns & Residents [Dinkins], 86 NY2d 478, 484).
Real Property Law § 265-b governs the conduct of distressed property consultants. "Distressed property consultant" or "consultant" is defined as "an individual or a corporation, [*2]partnership, limited liability company or other business entity that, directly or indirectly, solicits or undertakes employment to provide consulting services to a homeowner for compensation or promise of compensation with respect to a distressed home loan or a potential loss of the home for nonpayment of taxes" (Real Property Law § 265-b[1][e]). A consultant does not include, inter alia, "an attorney admitted to practice in the state of New York when the attorney is directly providing consulting services to a homeowner in the course of his or her regular legal practice" (former Real Property Law § 265-b[1][e][i]). Real Property Law § 265-b further provides, in part, that "[a]ny provision in a contract which attempts or purports to require arbitration of any dispute arising under this section shall be void at the option of the homeowner" (Real Property Law § 265-b[4][c]).
Here, the plaintiff raised a question of fact as to whether the Donado defendants directly provided consulting services to the plaintiff in the course of the Donado defendants' regular legal practice (see former Real Property Law § 265-b[1][e][i]; Ramirez v Donado Law Firm, P.C., 169 AD3d 940, 941; De Guaman v American Hope Group, 163 AD3d 915, 916). The plaintiff asserted in his affidavit, among other things, that he never met with an attorney from Donado Law Firm, P.C. (see De Guaman v American Hope Group, 163 AD3d at 916). Inasmuch as the plaintiff raised a question of fact as to whether the Donado defendants were consultants within the meaning of former Real Property Law § 265-b[1][e][i], there is a question of fact as to whether the plaintiff would be allowed to void the arbitration provision (see Real Property Law § 265-b[4][c]), and a hearing is required.
Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a hearing on the issue of whether the Donado defendants directly provided consulting services to the plaintiff in the course of their regular legal practice (see CPLR 7503[a]; Dozier v Verizon, 159 AD3d 1486, 1486; Matter of Frankel v Citicorp Ins. Servs., Inc., 80 AD3d 280, 290; cf. Byrnes v Castaldi, 72 AD3d 718, 721).
SCHEINKMAN, P.J., AUSTIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court