Matter of Glassman v Cohen (2023 NY Slip Op 00867)

Matter of Glassman v Cohen

2023 NY Slip Op 00867

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
WILLIAM G. FORD, JJ.

2019-08132
 (Index No. 512497/16)

[*1]In the Matter of Gerald Glassman, appellant,
v
Tova E. Cohen, respondent-respondent, et al., respondents.

Storch Law, P.C., Brooklyn, NY (Zvi A. Storch of counsel), for appellant.
Wolffers Cohen & Edderai, LLP, New York, NY (William Talbot and Berwin Cohen of counsel), for respondent-respondent.

DECISION & ORDER
In a proceeding, inter alia, pursuant to CPLR article 75 to compel arbitration, the petitioner appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated December 7, 2016. The order, in effect, denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
By verified petition dated July 20, 2016, the petitioner, Gerald Glassman, commenced this proceeding in the Supreme Court, inter alia, to compel arbitration. The petitioner alleged that he and the respondents were the children of Selma Glassman and Louis I. Glassman (hereinafter together the decedents), who died in 2003 and 2014, respectively. The petitioner sought to compel the respondents to arbitrate all disputes related to the decedents' estates, including any disputes regarding a trust created by Selma Glassman's will (hereinafter the trust). The respondent Tova E. Cohen interposed a verified answer, contending, among other things, that matters related to the distribution of an estate are not arbitrable. Cohen annexed to her verified answer a 2004 decree of the Surrogate's Court, Kings County (hereinafter the Surrogate's Court), granting probate of Selma Glassman's estate; a petition dated June 9, 2016, filed in the Surrogate's Court, which sought a compulsory accounting with respect to the estate; and a subsequent Surrogate's Court citation directing, among other things, that the petitioner appear to show why the Surrogate's Court should not issue an order requiring him to file an accounting of the trust. The Supreme Court, in effect, denied the petition and dismissed the proceeding. The petitioner appeals.
"Despite the general policy favoring the resolution of disputes by arbitration, some matters, because of competing considerations of public policy, cannot be heard by an arbitrator" (Matter of Enlarged City Sch. Dist. of Middletown N.Y. v Civil Serv. Empls. Assn., Inc., 148 AD3d 1146, 1147). "If there is a statute, decisional law, or public policy that prohibits arbitration of the subject matter of the dispute, then a claim is not arbitrable regardless of whether the terms of the particular arbitration agreement purport to cover the dispute" (Ventura v Donado Law Firm, P.C., 180 AD3d 725, 726). "Indeed, the public policy exception can be invoked as a threshold issue to preclude arbitration pursuant to CPLR 7503" (Matter of Enlarged City Sch. Dist. of Middletown N.Y. v Civil Serv. Empls. Assn., Inc., 148 AD3d at 1147, citing Matter of City of Long Beach v Civil Serv. [*2]Empls. Assn., Inc.-Long Beach Unit, 8 NY3d 465). "Preemptive judicial intervention in the arbitration process is warranted where the arbitrator cannot grant any relief without violating public policy" (Matter of Enlarged City Sch. Dist. of Middletown N.Y. v Civil Serv. Empls. Assn., Inc., 148 AD3d at 1148 [alterations and internal quotation marks omitted]).
The New York State Constitution grants the Surrogate's Court jurisdiction over "all actions and proceedings relating to the affairs of decedents, probate of wills, administration of estates and actions and proceedings arising thereunder or pertaining thereto" (NY Const, art VI, § 12[d]; see Matter of Askin, 113 AD3d 72, 77). By statute, the Surrogate's Court "exercise[s] full and complete general jurisdiction in law and in equity to administer justice in all matters relating to estates and the affairs of decedents" (SCPA 201[3]). The provisions of the Surrogate's Court Procedure Act apply to any trust created by the will of a domiciliary (see id. § 1501[1][a]). The probate of a will and the distribution of an estate "cannot be the subject of arbitration," and "any attempt to arbitrate such issue is against public policy" (Matter of Berger, 81 AD2d 584, 584 [internal quotation marks omitted]; see Matter of Swislocki [Spiewak], 273 App Div 768, 768; see also Island Territory of Curacao v Solitron Devices, Inc., 489 F2d 1313, 1321 [2d Cir]). Here, contrary to the petitioner's contention, the record clearly demonstrates that the petitioner was attempting to compel arbitration of disputes related to the distribution of Selma Glassman's estate, including a trust created by her will, none of which is arbitrable (see Matter of Berger, 81 AD2d at 584). Accordingly, the Supreme Court properly, in effect, denied the petition and dismissed the proceeding.
In light of the foregoing, we need not reach the petitioner's remaining contentions.
CONNOLLY, J.P., IANNACCI, MILLER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court