| Gross v Ellinson |
|---|
| 2024 NY Slip Op 30906(U) |
| March 18, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 518010/2021 |
| Judge: Francois A. Rivera |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 52 of
the Supreme Court of the
State of New York, held in
and for the County of Kings,
at the Courthouse, at Civic
Center, Brooklyn, New York,
on the 18th day of March
2024

HONORABLE FRANCOIS A. RIVERA

-------------------------------------------------------------------X

NOOTIE ZEV GROSS,

                                Plaintiff,

        -against-

RIVKAH LEAH ELLINSON, AVROHOM NOCHUM
GROSS, RAIZY TOBY EDELMAN, and YITZCHOK
SHOLOM DOV BER GROSS,

                       Defendants.

-------------------------------------------------------------------X

**DECISION AND ORDER**
Index No.:518010/2021

Recitation in accordance with CPLR 2219(a), of the papers considered on the joint motion filed on January 24, 2022, under motion sequence number one, by Rivkah Leah Ellinson, Avrohom Nochum Gross, Raizy Toby Edelman, and Yitzchok Sholom Dov Ber Gross (hereinafter the defendants) for an order pursuant to CPLR § 7503(a): [1] compelling Nootie Zev Gross (hereinafter the plaintiff) to submit to arbitration before the Beth Din of Crown Heights located at 788 Eastern Parkway, Brooklyn, New York 11213 on the underlying issues set forth in the plaintiff's complaint in this action; and [2] staying this action pending the outcome of the arbitration.

-Notice of Motion
-Affirmation of counsel in support
-Affirmation of defendant Gross in support
-Affirmations of three nonparties in support
        Exhibits A-I
-Affirmation in opposition
-Affirmation in reply
        Exhibits A-B

**BACKGROUND**

On July 20, 2021, plaintiff commenced the instant action for, inter alia, partition by filing

a summons, verified complaint, and notice of pendency with the Kings County Clerk's Office

(KCCO).

[* 1]

On September 3, 2021, the defendants interposed and filed a joint verified answer and two counterclaims with the KCCO. The first denominated counterclaim seeks dismissal of the verified complaint based on the doctrine of res judicata. The second denominated counterclaim seeks a declaratory judgment that the plaintiff has no interest in the subject property.

On October 4, 2012, plaintiff interposed and filed a reply to defendants' counterclaims with the KCCO.

On October 5, 2021, the defendants filed a rejection of the plaintiff's reply contending that it was untimely.

The verified complaint alleges the following salient facts. The plaintiff and defendants own in fee and possess, as tenants in common, certain real property, located at located at 409 Crown Street, Brooklyn, New York 11225; Block 1291 Lot 50 (hereinafter the property) as set forth in a deed attached to the verified complaint. Plaintiff owns in fee and possesses an undivided one-fifth part of said premises, and each defendant owns in fee and possesses an undivided one-fifth part of said premises. Upon information and belief said property is so situated that its partition among the parties entitled thereto, according to their respective rights and interests, cannot be had without great prejudice to the owners thereof. That all the parties to this action, upon information and belief, are of full age and sound mind. That no lands other than the aforesaid property are owned by the parties hereto in common or jointly.

Plaintiff seeks an order: declaring that each party is seized and possesses an undivided one-fifth interest in the subject property; directing a court-supervised sale of the property, a distribution of the proceeds of the sale, and an accounting between the parties.

[* 2]

## LAW AND APPLICATION

The defendants have jointly moved for an order pursuant to CPLR § 7503(a): compelling the plaintiff to submit to arbitration before the Beth Din of Crown Heights and staying this action pending the outcome of the arbitration.

The defendants' motion is premised on the following allegations of fact. On January 17, 2011, the parties' mother, Sarah Faygie Gross, granted the parties equal one-fifth (1/5th) parts of the property via deed, which was recorded in the Office of the City Register under CRFN: 2011000052615. On September 15, 2018, Sarah Faygie Gross passed away. Sarah Feygie Gross made a signed writing dated January 1, 2018, in which she indicated her wishes with respect to the division of her property. A copy of the signed writing is annexed as Exhibit D. The signed writing stated, among other things, that defendant Yitzchok Sholom Dov Ber Gross and his family have the right to live on the property. In addition, Sarah Faygie Gross gave defendant Gross (also known as "Itchie") the option to purchase the property at a discount.

After her death, plaintiff contested the validity of the signed writing and sought to have the issue decided. The plaintiff and defendants then agreed to submit all their controversies to binding arbitration upon all the parties. On December 27, 2018, the parties signed an arbitration agreement to submit all their controversies to arbitration before the Beth Din of Crown Heights (hereinafter "Beth Din"), located at 788 Eastern Parkway, Room 210, Brooklyn, New York 11213. The plaintiff and defendants also verbally agreed to submit all their controversies to arbitration before the Beth Din of Crown Heights. On December 27, 2018, and March 5, 2019 the plaintiff and defendants appeared before Beth Din and presented their arguments, answers, and positions with respect to their controversies.

[* 3]

On April 4, 2019, Beth Din submitted its ruling ("ruling"), which provided, inter alia: that the will of the mother, Sarah Faygie Gross, regarding the manner of division of the inheritance among the descendants exists and stands, and must be observed in all its details, exactly, and that all the rights granted to her son R. Yitzchok Sholom in regard to the house, are in force. A copy of Beth Din Ruling was annexed hereto as Exhibit E.

Plaintiff thereafter commenced the instant action seeking, inter alia, declaratory judgment, partition, and an accounting. On August 13, 2021, and August 19, 2021, Beth Din and the Arbitrators sent plaintiff a summons to return to Beth Din. A copy of the Summons to Beth Din was annexed hereto as Exhibit H. Plaintiff has refused to return to Beth Din to arbitrate the underlying dispute. The defendants now seek an order pursuant to CPLR 7503(a) to compel the plaintiff to return to Beth Din and to submit the instant controversy to arbitration.

On a motion to compel or stay arbitration, a court must first determine whether the parties agreed to arbitration and, if so, whether the dispute generally falls within the scope of their arbitration agreement (*see Sisters of St. John the Baptist, Providence Rest Convent v Geraghty Constructor, Inc.*, 67 NY2d 997, 999 [1986]). "Arbitration is a matter of contract [], 'grounded in agreement of the parties'" (*Matter of Belzberg v Verus Invs. Holdings Inc.*, 21 NY3d 626, 630 [2013], quoting *County of Sullivan v Edward L. Nezelek, Inc.*, 42 NY2d 123, 128 [1977]). Thus, when deciding whether the parties agreed to arbitrate a certain matter, ordinary state law principles that govern the formation of contracts apply (*see Mozzachio v Schanzer*, 188 AD3d 873, 874 [2d Dept 2020], citing *First Options of Chicago, Inc. v Kaplan*, 514 US 938, 944 [1995]).

In opposition to the motion, the plaintiff pointed out the following issues, among others. First, the defendants allege that the parties signed an agreement to arbitrate but did not annex the

[* 4]

agreement to their motion papers. Second, the defendants seek to compel arbitration based on a signed writing allegedly issued by the decedent which they refer to as a will. Plaintiff contends that even if the signed writing relied on by the defendants was, in fact, a will, the probate of an instrument purporting to be the last will and testament of a decedent cannot be subject to arbitration and any attempt to arbitrate such issue is against public policy (*Matter of Glassman v Cohen*, 213 AD3d 850, 852 [2d Dept 2023] citing *Matter of Berger*, 81 AD2d 584 [2d Dept 1981]).

There is no dispute that the defendants are seeking to submit to arbitration the issue of the disposition of their deceased mother's property as set forth in a writing she executed. Plaintiff's contention is correct. It is against public policy to submit this issue to arbitration. Accordingly, the defendants' motion must be denied.

**CONCLUSION**

The motion filed by defendants Rivkah Leah Ellinson, Avrohom Nochum Gross, Raizy Toby Edelman, and Yitzchok Sholom Dov Ber Gross for an order pursuant to CPLR § 7503(a) compelling plaintiff Nootie Zev Gross to submit to arbitration the underlying issues set forth in the plaintiff's complaint and staying this action pending the outcome of the arbitration is denied.

The foregoing constitutes the decision and order of this Court.

ENTER:

_____
J.S.C.
HON. FRANCOIS A. RIVERA

Page **5** of **5**