OPINION OF THE COURT
Ciparick, J.
Civil Service Law § 71 entitles an employee disabled by an occupational injury to a leave of absence for at least one year, unless the injury permanently disables the employee from the performance of work duties. Respondents have promulgated regulations construing this provision to mean that an employee who is absent due to an occupational disability for a cumulative period of one year is subject to termination if physically or mentally unable to return to work. We conclude that respondents’ interpretation of Civil Service Law § 71 should be upheld and that it advances the State’s substantial interest in the productive and economically efficient operation of its civil service, and does not abridge equal protection or due process guarantees. Therefore, we now affirm the orders of the Appellate Division.
I.
Petitioners, two State employees who were discharged following cumulative one-year absences occasioned by occupa *670 tional injuries, commenced separate CPLR article 78 proceedings challenging respondents’ termination decisions as arbitrary and capricious and violative of Civil Service Law § 71[1], and seeking reinstatement to their former positions. Both petitioners received letters in advance of termination advising that each was subject to discharge upon the completion of one cumulative year of absence pursuant to section 71 and 4 NYCRR 5.9. Throughout their absences, petitioners received workers’ compensation benefits.
Petitioners maintain that section 71 does not authorize respondents to terminate an employee disabled in the course of employment until such employee has been absent for a continuous one-year period, not for an aggregate one-year period as calculated by respondents. Petitioners contend that the one-year period should be construed as a consecutive period of 365 days rather than a cumulative period totalling 365 days. Petitioner Allen additionally alleges that her termination resulted in a denial of equal protection in that a similarly situated employee suffering from an ordinary, nonoccupational injury is subject to termination under Civil Service Law § 73[2] only after a continuous one-year absence. According to petitioner Allen, respondents’ divergent interpretations of Civil Service Law §§71 and 73 result in disparate treatment of similarly situated civil service employees. Moreover, petitioner Allen claimed that respondents’ termination procedure violated her due process rights.
Supreme Court dismissed the petitions, and upheld respondents’ interpretation of Civil Service Law §71 as rational, rejecting petitioner Allen’s equal protection and due process *671 claims. In each case, the Appellate Division affirmed, with one Justice dissenting (see, Matter of Allen v Howe, 194 AD2d 1; Matter of Spiegel v Perales, 198 AD2d 727).
Petitioner Allen appeals as of right (CPLR 5601 [b] [1]). This Court granted petitioner Spiegel leave to appeal.
n.
Initially, we reject petitioners’ contention that the Civil Service Department’s construction of Civil Service Law § 71 is irrational (see, Howard v Wyman, 28 NY2d 434, 438). A comparison of section 71 and section 73, which uses the term "continuous” in connection with measurement of leaves of absence, supports the agency’s construction. Similarly, the legislative history of the leave of absence provisions indicates that the Legislature did not amend section 71 to add the element of "continuous” absence when it adopted section 73, thereby demonstrating its preference for differential treatment. In this regard, petitioners’ reference to General Construction Law § 58, which defines the term year to mean 365 days, in support of their claim that respondents misconstrued the intent of section 71, is misguided. General Construction Law § 58, like Civil Service Law § 71, does not specify how the 365 days should be counted.
We also reject petitioners’ equal protection claim. Civil Service Law §§ 71 (L 1958, ch 790) and 73 (L 1965, ch 508, renum § 73 by L 1969, ch 225, § 1) were adopted to address the difficult situation created by the prolonged absence of a civil service employee (see, Bill Jackets, L 1958, ch 790; L 1965, ch 508). Prior to the enactment of these provisions, a civil service employer was unable to fill the vacancy created by the absent, disabled employee, short of the employee’s resignation, unless the employer instituted a disciplinary proceeding alleging incompetency or incapacity to perform, and the employee was dismissed after a hearing adjudging such "incompetency.”[3] From the perspective of the State governmental employer, resort to a disciplinary proceeding was not viewed as a practical or appropriate response to the void created by the absent employee, and the stigma associated with a disciplinary pro *672 ceeding obviously prejudiced the employee’s future civil service career.[4]
By establishing the point at which injured civil servants may be replaced, sections 71 and 73 strike a balance between the recognized substantial State interest in an efficient civil service and the interest of the civil servant in continued employment in the event of a disability (see, Matter of Economico v Village of Pelham, 50 NY2d 120, 126; Matter of Duncan v New York State Dev. Ctr., 63 NY2d 128, 134-135). Respondents’ determination to discharge employees absent due to occupational injuries after a cumulative one-year period, rather than a consecutive one-year period, reflects the fact that such employees are categorically different from employees absent because of ordinary disabilities.
Where, as here, neither a fundamental right is affected nor a suspect classification is created under section 71 or its implementing regulations, 4 NYCRR 5.9, 21.8, 28-1.8, the standard of review is rationality, which tests whether the challenged distinction bears a reasonable relationship to some legitimate legislative objective (see, Alevy v Downstate Med. Ctr., 39 NY2d 326, 332; Maresca v Cuomo, 64 NY2d 242, 250, appeal dismissed 474 US 802). We conclude that because categorically different treatment of injured civil servants promotes an efficient civil service in a fiscally sound manner, it is rationally related to the State’s interest in employing productive civil servants. Moreover, the regulations promulgated by the Department of Civil Service, as implemented by respondents, represent a legitimate interpretation of section 71 that does not offend equal protection guarantees.
Sections 71 and 73 distinguish absences occasioned by occupational injuries from absences due to those injuries sustained outside the scope of employment for purposes of reinstatement to the civil service after an employee has exhausted disability leave and the employment is terminated. An employee who sustains an occupational injury is automatically entitled to a leave of absence for one year under section 71, and after the one-year separation from service has the right to apply for reinstatement to the same position, or any similar position, or *673 be placed on a preferred eligible list in the event there is no vacancy (see, 4 NYCRR 5.9 [b]). In addition, such employee is entitled to a hearing to contest a finding of unfitness for reinstatement (see, 4 NYCRR 5.9 [b]). Section 73 only addresses termination of the employee absent for a continuous one-year period due to an ordinary injury, not necessarily on an authorized leave (see, Civil Service Law §72), with reinstatement and eligible list status limited to the former position or a similar or lower grade position in the same occupational field in the former agency.
We, therefore, reject as unfounded petitioners’ contention that respondents’ calculation of the one-year period under section 71 as an accumulation of 365 days, rather than a continuous one-year period as explicitly specified in section 73, is unlawful. Indeed, for individuals like petitioners, who sustained occupational injuries, section 71 affords greater procedural protections and opportunities for reinstatement, undermining their claims of unfairness and inequality.
Petitioner Allen’s further attempt to erode the legitimacy of the distinction between occupational and ordinary injuries in regard to termination from and reinstatement to civil service positions by arguing such distinction is impermissibly motivated solely by fiscal concerns is belied by the legislative history. It is well established that in matters concerning the public fisc, equal protection does not require every distinction be made with mathematical precision (see, Matter of Tolub v Evans, 58 NY2d 1, 8).
Accordingly, in each proceeding, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Levine concur.
Order affirmed, with costs.

. Civil Service Law § 71 provides, as pertinent, "Where an employee has been separated from the service by reason of a disability resulting from occupational injury or disease as defined in the [workers’] compensation law, he shall be entitled to a leave of absence for at least one year, unless his disability is of such a nature as to permanently incapacitate him for the performance of the duties of his position.” Section 71 is implemented by 4 NYCRR 21.8 (a), which prescribes how the one-year period is to be calculated and authorizes extensions of that time.

. Civil Service Law § 73 provides, as relevant: "When an employee has been continuously absent from and unable to perform the duties of his position for one year or more by reason of a disability, other than a disability resulting from occupational injury or disease as defined in the [workers’] compensation law, his employment status may be terminated and his position may be filled by a permanent appointment.”

. See, e.g., Mem of Dept of Civil Service, Bill Jacket, L 1958, ch 790, at 18-23; Mem of Dept of Civil Service, Bill Jacket, L 1965, ch 508, at 1-2; Mem of Dept of Social Welfare, Bill Jacket, L 1965, ch 508, at 20; Mem of Conservation Dept, Bill Jacket, L 1965, ch 508, at 22.

. See, e.g., Mem of Dept of Civil Service, Bill Jacket, L 1958, ch 790, at 22; Mem of Counsel, Public Service Commn, Bill Jacket, L 1965, ch 508, at 14; Mem of Dept of Correction, Bill Jacket, L 1965, ch 508, at 24; Mem of Dept of Motor Vehicles, Bill Jacket, L 1965, ch 508, at 25; Mem of Div of Parole, Bill Jacket, L 1965, ch 508, at 26.