■ In the Matter of JAMES A. WATSON, Appellant, v PEGGI HEALY, as Executive Director of the Mid-Hudson Forensic Psychiatric Center, et al., Respondents. [990 NYS2d 534]—

In a proceeding pursuant to CPLR article 78 to review a determination of Peggi Healy, as Executive Director of the Mid-Hudson Forensic Psychiatric Center, and the New York State Office of Mental Health, dated March 21, 2013, which, without a hearing, terminated the petitioner's employment effective

March 28, 2013, the petitioner appeals from a judgment of the Supreme Court, Orange County (Bartlett, J.), dated June 24, 2013, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner was employed in the position of Safety and Security Officer I for the Mid-Hudson Forensic Psychiatric Center (hereinafter Mid-Hudson), which is operated by the New York State Office of Mental Health (hereinafter NYSOMH). Peggi Healy was the Executive Director of Mid-Hudson. On or about April 20, 2012, the petitioner was issued a notice of discipline, alleging that he was guilty of misconduct. Specifically, the notice alleged that, on March 25, 2012, the petitioner was inattentive to duty in that, among other things, he failed to properly activate the emergency medical system at Mid-Hudson. On or about May 18, 2012, the petitioner entered into a disciplinary settlement agreement, which contained a one-year disciplinary evaluation period. This agreement provided, inter alia, that Healy and NYSOMH (hereinafter together the respondents) would be entitled to terminate the petitioner's employment during this disciplinary evaluation period if he committed any act that was the same as or similar to the acts underlying the charges cited in the notice of discipline. On or about March 21, 2013, Healy issued a letter advising the petitioner that his employment was to be terminated, effective March 28, 2013. According to the letter, on March 7, 2013, the petitioner failed to respond appropriately to an emergency situation. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the respondents' determination. In the judgment appealed from, the Supreme Court denied the petition and dismissed the proceeding.

The disciplinary settlement agreement entered into by the parties constituted a valid, binding contract (see Matter of Shannon v State of N.Y. Dept. of Correctional Servs., 131 AD2d 915, 916 [1987]; Matter of Abramovich v Board of Educ. of Cent. School Dist. No. 1 of Towns of Brookhaven & Smithtown, 62 AD2d 252 [1978]). Pursuant to the terms of this agreement, the petitioner was permitted to continue his employment at Mid-Hudson notwithstanding the prior notice of discipline. However, in exchange, he agreed to termination of his employment at Mid-Hudson during the disciplinary evaluation period for any act that was deemed to be the same as or similar to the acts underlying the charges cited in the notice of discipline. By the terms of the disciplinary settlement agreement, in the absence of bad faith by the respondents, the petitioner, inter alia, waived any right he may have had under article 7 or 8 of the operative

collective bargaining agreement to a review of the respondents' determination to terminate his employment for acts the same as or similar to his prior alleged misconduct (*see Matter of Miller v New York State Dept. of Correctional Servs.*, 126 AD2d 831, 831 [1987], *affd* 69 NY2d 970 [1987]).

Contrary to the petitioner's contention, the respondents' determination to terminate his employment was rationally based and thus was not arbitrary and capricious. Nor did the petitioner demonstrate that the termination of his employment was carried out in bad faith or illegally accomplished, and he did not raise an issue of fact sufficient to warrant a hearing in this regard pursuant to CPLR 7804 (h) (*see Matter of Johnson v Katz*, 68 NY2d 649, 650 [1986]; *Matter of Bonanno v Nassau County Civ. Serv. Commn.*, 59 AD3d 541, 541-542 [2009]; *Walsh v New York State Thruway Auth.*, 24 AD3d 755, 757 [2005]).

The petitioner's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.