■ In the Matter of LIONEL ALLEN, Respondent, v CITY OF NEW YORK et al., Appellants. [997 NYS2d 418]—

Order and judgment (one paper), Supreme Court, New York County (Alexander W. Hunter, J.), entered May 23, 2013, granting petitioner's CPLR article 78 petition to annul respondent's determination, dated January 6, 2012, terminating his employment, declaring that respondents' termination of petitioner's employment pursuant to section 71 of the Civil Service Law violated due process, the Civil Service Law, and New York City Rules and Regulations, and reinstating petitioner to his position, unanimously affirmed, without costs.

We agree with the article 78 court that respondent violated due process when it terminated petitioner's employment pursuant to Civil Service Law § 73, which pertains to disabilities resulting from nonoccupational injuries, then rescinded the termination under that section, and terminated petitioner pursuant to Civil Service Law § 71, pertaining to disabilities resulting from occupational injuries, retroactive to the original termination date, without providing petitioner any further opportunity to be heard.

Respondents argue that the requirements for notice and opportunity to be heard are substantively identical with regard to the two sections and that petitioner failed to make the requisite showing of mental and physical fitness for his position in re-

sponse to the initial notice of intent to terminate. Even assuming that this is true, certain differences between the two provisions—including that "section 71 affords greater procedural protections and opportunities for reinstatement" (*Matter of Allen v Howe*, 84 NY2d 665, 673 [1994])—as well as practical differences in petitioner's position at the time he was notified pursuant to each section, dictate that the process provided failed to satisfy basic requirements of fairness.

That petitioner's nonresponse to the original notice of intent to terminate may have been for "strategic" reasons—either to avoid "conceding" nonoccupational injury while a parallel Worker's Compensation proceeding unfolded, or to obtain a later termination date, based on DEP's mistake, at which time petitioner may have been better able to demonstrate fitness—does not alter our conclusion that he did not receive the process that was due. Notably, in view of the court's finding that DEP was "admittedly aware all along that petitioner's injuries were occupational," it appears that its approach to petitioner's termination may have been strategic as well.

We reject respondents' suggestion that even if petitioner's due process rights were violated, the court should still have ordered a hearing to determine whether petitioner was fit to return to duty on the originally designated date of termination. Doing so would have effectively nullified the court's due process holding. Having vacated respondent's determination terminating petitioner's employment, there is no basis for the medical examination, pursuant to Civil Service Law § 71, for an employee seeking reinstatement after being "separated from the service by reason of a disability." Concur—Mazzarelli, J.P., Acosta, Saxe, Clark and Kapnick, JJ.