Order and judgment (one paper), Supreme Court, New York County (Shlomo Hagler, J.), entered August 16, 2016, which, to the extent appealed from as limited by the briefs, granted the petition to direct respondent New York City Housing Authority (NYCHA) to conduct a medical examination of petitioner Eileen Jordan pursuant to Civil Service Law § 71, reinstate her to her former position, and award her back pay to the extent of remitting the proceeding to NYCHA for compliance with Civil Service Law § 71, dismissed the petition as against respondent Department of Citywide Administrative Services (DCAS), and denied NYCHA’s cross motion to dismiss the petition as against it and request to answer the petition, unanimously affirmed, without costs.
 

 Respondent DCAS is not a necessary party (see CPLR 1001 [a]). It had delegated its responsibility for determining the medical fitness of employees like petitioner Jordan well before Jordan applied for reinstatement, and was not involved in NYCHA’s denial of the application; the court’s determination completely resolves the controversy between the parties (compare City of New York v Long Is. Airports Limousine Serv. Corp., 48 NY2d 469, 475 [1979] [“(t)o the extent that (the State Commissioner of Transportation) may choose to disregard a holding which is not binding on him, the judgment . . . may not produce a complete resolution of the controversy between the city and the limousine service”]).
 

 NYCHA’s argument that Civil Service Law § 71 does not apply to labor class employees is contradicted by the plain language of the statute, which, by its terms, applies broadly to “employee [s],” an undefined term. We “cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended intentionally to omit because the failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended” (Commonwealth of the N. Mariana Is. v Canadian Imperial Bank of Commerce, 21 NY3d 55, 62 [2013] [internal quotation marks omitted]). Indeed, elsewhere in article V of the statute, the legislature included terms that limited protections to certain classes of employee (see Civil Service Law §§ 75, 80, 80-a, 81; Matter of Allen v Howe, 84 NY2d 665 [1994]).
 

 As the dispositive facts are undisputed and the parties fully presented their arguments before the court, it was not necessary to grant NYCHA an opportunity to answer the petition following the denial of its cross motion to dismiss (Matter of Davila v New York City Hous. Auth., 190 AD2d 511, 512 [1st Dept 1993], lv denied 87 NY2d 801 [1995]).
 

 Jordan is not entitled to back pay pursuant to Civil Service Law § 77, because she has not been reinstated to her former position “by order of the supreme court” (id.).
 

 We have considered the parties’ remaining arguments for affirmative relief and find them unavailing.
 

 Concur — Acosta, P.J., Manzanet-Daniels, Gische, Kapnick and Kahn, JJ.