# State of New York Court of Appeals

OPINION

This opinion is uncorrected and subject to revision before publication in the New York Reports.

No. 40
In the Matter of Eileen Jordan et al.,
        Respondents,
    v.
New York City Housing Authority,
        Appellant,
Department of Citywide Administrative
Services,
        Respondent.

Jane E. Lippman, for appellant.
Joshua J. Ellison, for respondents.
City of New York, amicus curiae.

GARCIA, J.:

The narrow question on this appeal is whether petitioner Eileen Jordan falls within the ambit of Civil Service Law § 71, a provision governing reinstatement of public sector employees injured on the job. For the reasons set forth below, we hold that she does not.

I.

Jordan was a Caretaker for respondent New York City Housing Authority (NYCHA) for roughly twelve years before she suffered a workplace injury in 2011. Jordan's position fell within the "labor class"—one of four possible classifications under New York's Civil Service Law—which includes "all unskilled laborers in the service of the state" (Civil Service Law § 43 [1]).

Jordan's injury led her to miss more than one year of work and, as a result, NYCHA terminated her effective August 1, 2012. At the time of Jordan's dismissal, NYCHA noted that "[w]ithin one year after the termination of [her] disability, [Jordan] may request reinstatement to [her] Caretaker title." To do so, NYCHA instructed Jordan to "submit a written request to . . . NYC Department of Citywide Administrative Services (DCAS)." Jordan eventually did so, requesting reinstatement in April 2014. Nevertheless, a month later NYCHA informed Jordan that, because she was "terminated from a labor [c]lass Caretaker" position, she was "not eligible to be reinstated." Jordan, and her union, then commenced this CPLR article 78 proceeding in Supreme Court.

Jordan sought a judgment that, primarily, would find NYCHA violated section 71 of the Civil Service Law. That provision, as noted above, allows "an employee" who "has been separated from the [civil] service by reason of a disability resulting from occupational injury or disease" to request reinstatement (Civil Service Law § 71). NYCHA cross-moved, among other things, to dismiss the petition, arguing that section 71 did not apply to labor class employees. Supreme Court, as relevant here, granted the petition as against

NYCHA, denied NYCHA's cross motion, and remitted the matter to NYCHA "for compliance with [section 71]" because it held the plain language of that section did not exclude labor class employees.

The Appellate Division affirmed, holding "NYCHA's argument that [section 71] does not apply to labor class employees [to be] contradicted by the plain language of the statute" (154 AD3d 618, 619 [1st Dept 2017]). It also rejected two procedural arguments that NYCHA raised.  That court determined Supreme Court did not err by (1) denying NYCHA the opportunity to answer Jordan's petition once NYCHA's cross motion was denied and (2) rejecting NYCHA's argument that Jordan failed to join a necessary party, DCAS (id. at 619-620).

We granted leave to appeal and now reverse.

## II.

Section 71 of the Civil Service Law provides that when "an employee has been separated from . . . service by reason of a disability resulting from occupational injury or disease . . . , he or she shall be entitled to leave of absence for at least one year."  The statute goes on to state:

> "Such employee may, within one year after the termination of such disability, make application to the civil service department or municipal commission having jurisdiction over the position last held by such employee for a medical examination to be conducted by a medical officer selected for that purpose by such department or commission.  If, upon such medical examination, such medical officer shall certify that such person is physically and mentally fit to perform the duties of his or her former position, he or she shall be reinstated to his or her former position, if vacant, or to a vacancy in a similar position or a position in a lower grade in the same occupational field, or to a vacant

position for which he or she was eligible for transfer. If no appropriate vacancy shall exist to which reinstatement may be made, or if the work load does not warrant the filling of such vacancy, the name of such person shall be placed upon a preferred list for his or her former position, and he or she shall be eligible for reinstatement from such preferred list for a period of four years. In the event that such person is reinstated to a position in a grade lower than that of his or her former position, his or her name shall be placed on the preferred eligible list for his or her former position or any similar position"

(Civil Service Law § 71). Petitioners argue, as they did below, that "employee" is unqualified in the statute and so we should apply that term broadly, consistent with its plain meaning. NYCHA counters that, although "employee" is undefined in the Civil Service Law, section 71 uses terms of art normally not associated with the labor class, including "preferred eligible list" and "grade." Both are fair points, and therefore to resolve any ambiguity, we turn to the history and the purpose of the statute in resolving this issue.

Our task here is made easier by the fact that we have already articulated section 71's purpose. Twenty-five years ago, in Allen v Howe, we said that section 71 "w[as] adopted to address the difficult situation created by the prolonged absence of a civil service employee" due to injury (84 NY2d 665, 671 [1994]). Under Civil Service Law § 75, delineated groups of employees "shall not be removed . . . except for incompetency or misconduct after a hearing." This section left a governmental employer unable to fill a vacancy created by an extended absence due to injury without a "resignation" or the "institut[ion] of disciplinary hearings" (id.). Section 71 was designed to remove the procedural hurdle imposed by section 75 by allowing a "State governmental employer" to terminate an employee without "resort to a disciplinary proceeding" and providing the injured employee a mechanism for later reinstatement (id.).

Including Jordan within the coverage of section 71 would not serve that legislative purpose. As a labor class employee, Jordan was not entitled to a disciplinary hearing before she was terminated and NYCHA did not face the dilemma that led to passage of section 71. Moreover, even if NYCHA was forced to rehire Jordan, she could have been lawfully terminated the next day—"an absurd result that would frustrate the statutory purpose" (Long v Adirondack Park Agency, 76 NY2d 416, 420 [1990]). Therefore, we hold that NYCHA did not violate Section 71 when it refused to reinstate Jordan.

We observe, however, that the Legislature amended section 75, well after Jordan was terminated, to provide pre-termination hearings for labor class employees with "at least five years of continuous service" (Civil Service Law § 75 [c]). We express no opinion on whether employees covered under section 75 at the time of their termination—or employers of those covered employees—may avail themselves of section 71. Of course, the reach of section 71, and its relationship to section 75, "is a matter which might be resolved most readily by legislative clarification of the statute" (Forte v Supreme Court of State of NY, 48 NY2d 179, 182 n 1 [1979]).

Because we conclude Jordan is not covered by section 71, we do not address NYCHA's alternative grounds for reversal. Accordingly, the order insofar as appealed from should be reversed, with costs, and the petition dismissed in its entirety.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Order insofar as appealed from reversed, with costs, and petition dismissed in its entirety. Opinion by Judge Garcia.  Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Wilson and Feinman concur.

Decided June 13, 2019