Matter of Noonan v Chong (2020 NY Slip Op 04559)





Matter of Noonan v Chong


2020 NY Slip Op 04559


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-06290
 (Index No. 1365/17)

[*1]In the Matter of Brian Noonan, petitioner,
v
David E. Chong, etc., et al., respondents.


Tarter Krinsky & Drogin LLP, New York, NY (Anthony D. Dougherty and Law Offices of Gerard Bilotto, P.C., of counsel), for petitioner.
Lamb & Barnosky, LLP, Melville, NY (Richard K. Zuckerman, Alyson Mathews, and Matthew J. Mehnert of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the City of White Plains Commissioner of Public Safety dated November 9, 2016. The determination adopted the findings and recommendation of a hearing officer dated October 28, 2016, made after a hearing, found the petitioner guilty of certain charges of misconduct, and terminated the petitioner's employment as a firefighter.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
Judicial review of a determination of an administrative agency in a proceeding of this nature is limited to whether the determination is supported by substantial evidence (see CPLR 7803 [4]; Matter of Wilson v City of White Plains, 95 NY2d 783; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176; Matter of Fortuna v City of White Plains, 170 AD3d 1011). Substantial evidence is "less than a preponderance of the evidence" and "demands only that a given inference is reasonable and plausible, not necessarily the most probable" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045-1046 [internal quotation marks omitted]). "Where substantial evidence exists, the reviewing court may not substitute its judgment for that of the agency, even if the court would have decided the matter differently" (id. at 1046). "Where substantial evidence exists to support a decision being reviewed by the courts, the determination must be sustained, irrespective of whether a similar quantum of evidence is available to support other varying conclusions" (id.). "It is the function of the administrative agency, not the reviewing court, to weigh the evidence, assess the credibility of witnesses, and determine which testimony to accept and which to reject. Where evidence is conflicting and room for choice exists, a reviewing court may not weigh the evidence or reject the choice made by the administrative agency" (Matter of Mundinger v Smithtown Cent. Sch. Dist., 152 AD3d 607, 607 [citations omitted]).
Here, the determination that the petitioner committed certain acts of misconduct is supported by substantial evidence and therefore may not be set aside (see Matter of Bosch v City of Middletown, N.Y., 127 AD3d 855; Matter of Mason v Board of Fire Commrs. of Jericho Fire Dist., 73 AD3d 928; Matter of Guerrero v Scoppetta, 53 AD3d 615). The penalty of termination of [*2]employment was not so disproportionate to the offenses as to be shocking to one's sense of fairness (see Matter of Loscuito v Scoppetta, 50 AD3d 905).
Contrary to the petitioner's contention, the record demonstrates that the hearing was conducted in a fair and impartial manner and that the determination was not the result of any alleged bias on the part of the hearing officer (see Matter of Mays v Early, 178 AD3d 928, 929).
BALKIN, J.P., LEVENTHAL, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court