Matter of Tenemille v Town of Ramapo (2020 NY Slip Op 06274)





Matter of Tenemille v Town of Ramapo


2020 NY Slip Op 06274


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-09531
 (Index No. 559/17)

[*1]In the Matter of Ernest Tenemille, petitioner,
v
Town of Ramapo, et al., respondents.


Reynold A. Mauro, Commack, NY, for petitioner.
Feerick Lynch MacCartney & Nugent, PLLC, South Nyack, NY (Brian D. Nugent of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review determinations of the Town Board of the Town of Ramapo dated October 27, 2016, and November 18, 2016, respectively. The determination dated October 27, 2016, adopted the findings and recommendation of a hearing officer dated October 17, 2016, made after a hearing, finding the petitioner guilty of certain charges of misconduct, and the determination dated November 18, 2016, adopted the recommendation of the hearing officer that the petitioner's employment be terminated, and terminated the petitioner's employment as a police officer.
ADJUDGED that the determinations are confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner has worked as a police officer for the respondent Town of Ramapo since 2002. In March 2016, the petitioner was charged with 26 counts of misconduct, disobedience, and insubordination stemming from his failure to follow the sick-note procedure for his absences from work on four consecutive midnight shifts, and his failure to comply with the resulting investigation. Following a hearing, in a decision dated October 17, 2016, a hearing officer found the petitioner guilty of certain of the charges and recommended that his employment be terminated. By resolution adopted October 27, 2016, the Town Board of the Town of Ramapo (hereinafter the Town Board) adopted the findings and recommendation of the hearing officer finding the petitioner guilty of the sustained charges, and directed that the petitioner be afforded an opportunity to be heard with respect to the penalty. Thereafter, by resolution adopted November 18, 2016, the Town Board adopted the findings and recommendation of the hearing officer that the petitioner's employment be terminated, and terminated him from his position as a police officer. The petitioner commenced this CPLR article 78 proceeding to review those determinations. By amended order entered November 6, 2017, the Supreme Court, Rockland County, inter alia, transferred the proceeding to this Court pursuant to CPLR 7804(g).
"To annul an administrative determination . . . after a hearing directed by law at which evidence is taken, a court must conclude that the record lacks substantial evidence to support the determination" (Matter of Gazda v New York State Dept. of Motor Vehs., 159 AD3d 903, 904 [internal quotation marks omitted]; see CPLR 7803[4]; Matter of Barthel v Town of Huntington, 97 [*2]AD3d 814, 815). "Substantial evidence consists of such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Wagner v Fiala, 113 AD3d 694, 695 [internal quotation marks omitted]; see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180; Matter of Sestito v City of White Plains, 161 AD3d 985, 986). "A reviewing court may not weigh the evidence or reject the choice made by the hearing officer where there is conflicting evidence and room for choice exists" (Matter of Morris v Calderone, 49 AD3d 741, 741; see Matter of Bohlen v DiNapoli, 34 NY3d 434). Here, the determination that the petitioner was guilty of the sustained charges of misconduct is supported by substantial evidence (see Matter of McKinnon v Board of Educ. of N. Bellmore Union Free School Dist., 273 AD2d 240).
"Judicial review of an administrative penalty is limited to whether the measure or mode of penalty or discipline imposed constitutes an abuse of discretion as a matter of law" (Matter of Kelly v Safir, 96 NY2d 32, 38). A penalty constitutes an abuse of discretion as a matter of law where it is so disproportionate to the offense as to be shocking to one's sense of fairness (see Matter of Ellis v Mahon, 11 NY3d 754, 755). "Dismissal is not an excessive penalty where an employee's record reveals a consistent pattern of misconduct" (Matter of Gunther v Cahill, 90 AD2d 995, 996). Here, in addition to the charges of misconduct which are the subject of this proceeding, the petitioner had previously been found guilty of misconduct in 2012, for which he was suspended without pay, and has been the subject of numerous negative supervisory contact reports regarding his disrespect and unprofessionalism toward other members of the police department. Under these circumstances, it cannot be concluded, as a matter of law, that the penalty of termination of employment shocks the judicial conscience (see Matter of Kaufman v Wells, 56 AD3d 674, 675; Matter of McKinnon v Board of Educ. of N. Bellmore Union Free School Dist., 273 AD2d 240; Matter of Winn v Eschweiler, 149 AD2d 716).
LEVENTHAL, J.P., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court