Matter of Tevlin v Board of Educ. of Great Neck Union Free Sch. Dist. (2021 NY Slip Op 01054)





Matter of Tevlin v Board of Educ. of Great Neck Union Free Sch. Dist.


2021 NY Slip Op 01054


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-13653
 (Index No. 3869/17)

[*1]In the Matter of Christopher Tevlin, appellant,
v
Board of Education of Great Neck Union Free School District, et al., respondents.


Law Offices of Louis D. Stober, Jr., LLC, Mineola, NY (Louis D. Stober of counsel), for appellant.
Frazer & Feldman, LLP, Garden City, NY (James H. Pyun and Dennis O'Brien of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the Great Neck Union Free School District dated August 24, 2017. The determination adopted the findings of a hearing officer dated July 8, 2017, made after a hearing pursuant to Civil Service Law § 75, that the petitioner was guilty of certain charges of incompetence and insubordination, and terminated the petitioner's employment.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
The petitioner, Christopher Tevlin, had been employed by the Board of Education of the Great Neck Union Free School District (hereinafter the district) since 2004, starting as an assistant supervisor of security, and later becoming the director of security. In August 2016, the district commenced a disciplinary proceeding against the petitioner pursuant to Civil Service Law § 75, charging him with incompetence and insubordination. The district alleged, inter alia, that the petitioner had been advised in person and in writing that his absences from work were excessive and that the failure to improve his attendance could result in disciplinary action, including termination of employment, and that the petitioner continued to be excessively absent and absent without advance notice despite the warnings.
A hearing was held at which the petitioner testified and denied the charges. In a report dated July 8, 2017, the hearing officer found, inter alia, that the petitioner was guilty of incompetence and insubordination. On August 24, 2017, the district adopted the findings of the hearing officer and terminated the petitioner's employment. The petitioner thereafter commenced this proceeding pursuant to CPLR article 78 to review the district's determination.
"In employee disciplinary cases, judicial review of factual findings made after a hearing pursuant to Civil Service Law § 75 is limited to consideration of whether that determination was supported by substantial evidence" (Matter of Cupo v Uniondale Fire Dist., 181 AD3d 594, 595; see CPLR 7803[4]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179; [*2]Matter of Thomas v Town of Southeast, N.Y., 168 AD3d 955, 957; Matter of Owens v County of Dutchess, 162 AD3d 1040, 1041; Harris v City of Poughkeepsie, 162 AD3d 663, 665). "Substantial evidence has been defined as such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Berenhaus v Ward, 70 NY2d 436, 443 [internal quotation marks omitted]). "More than seeming or imaginary, it is less than a preponderance of the evidence" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d at 180). Moreover, "[t]he courts may not weigh the evidence or reject the choice made by [an administrative agency] where the evidence is conflicting and room for choice exists" (Matter of Metro Demolition Contr. Corp. v Martinez, 12 AD3d 513, 514 [internal quotation marks omitted]; see Matter of Bullock v State of N.Y. Dept. of Social Servs., 248 AD2d 380, 381).
"After a Civil Service Law § 75 hearing, a municipal employee may be terminated for incompetence and misconduct due to excessive absences caused by physical incapacity" (Matter of Considine v Pirro, 38 AD3d 773, 774). "The fact that petitioner may have had a 'valid' reason for each one of the individual absences is irrelevant to the ultimate issue of whether his [or her] unreliability and its disruptive and burdensome effect on the employer rendered him [or her] incompetent to continue his [or her] employment" (Matter of Romano v Town Bd. of Town of Colonie, 200 AD2d 934, 934; see Matter of Considine v Pirro, 38 AD3d at 775; Matter of McKinnon v Board of Educ. of N. Bellmore Union Free School Dist., 273 AD2d 240, 241; Cicero v Triborough Bridge and Tunnel Auth., 264 AD2d 334, 336; Matter of Garayua v Board of Educ. of Yonkers City School Dist., 248 AD2d 714, 714).
Here, substantial evidence in the record supports the determination that the petitioner was guilty of incompetence and insubordination as charged (see Matter of Considine v Pirro, 38 AD3d at 775; Matter of McKinnon v Board of Educ. of N. Bellmore Union Free School Dist., 273 AD2d at 241; Cicero v Triborough Bridge & Tunnel Auth., 264 AD2d at 336; Matter of Garayua v Board of Educ. of Yonkers City School Dist., 248 AD2d at 714). The record demonstrates that the petitioner had repeatedly been warned in person and in writing that the number and frequency of his absences was unacceptably high in light of his position as head of security for the district, and that the petitioner's failure to improve his attendance could lead to the termination of his employment (see Matter of Overton v Board of Educ. of Yonkers City School Dist., 72 AD3d 1094, 1094; Matter of Gradel v Lilholt, 257 AD2d 972, 972; Matter of Garayua v Board of Educ. of Yonkers City School Dist., 248 AD2d at 714; Matter of Davis v Board of Educ. of Yonkers City School Dist., 241 AD2d 521, 521; Matter of Smith v Board of Educ. of Yonkers City School Dist., 231 AD2d 528). Further, the record demonstrates that one week after the petitioner had reached a tentative settlement with the district on previous section 75 charges of excessive absenteeism, the petitioner was absent without notice.
Contrary to the petitioner's contention, under the circumstances presented, the penalty of termination is not "'so disproportionate to the offense as to be shocking to one's sense of fairness,' thus constituting an abuse of discretion as a matter of law" (Matter of Waldren v Town of Islip, 6 NY3d 735, 736, quoting Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 237; see Matter of Anderson v Board of Educ. of Oyster Bay-E. Norwich Cent. Sch. Dist., 186 AD3d 597, 598).
The petitioner's remaining contentions are without merit.
Accordingly, we confirm the determination, deny the petition, and dismiss the proceeding on the merits.
DILLON, J.P., HINDS-RADIX, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court