Wysocki v Town of Southold (2022 NY Slip Op 02420)

Wysocki v Town of Southold

2022 NY Slip Op 02420

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2018-12272
 (Index No. 4749/17)

[*1]In the Matter of Joseph Wysocki, petitioner,
v
Town of Southold, et al., respondents.

Davis & Ferber, LLP, Islandia, NY (Christopher S. Rothemich and Alex J. Kaminski of counsel), for petitioner.
Lamb & Barnosky, LLP, Melville, NY (Richard K. Zuckerman and Matthew J. Mehnert of counsel), for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the respondent Town of Southold dated August 15, 2017. The determination adopted, with modifications, the findings of a hearing officer dated June 26, 2017, made after a hearing pursuant to Town Law § 155 and Civil Service Law § 75, that the petitioner was guilty of incompetence, and terminated the petitioner's employment as a police officer with the respondent Town of Southold Police Department.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner worked as a police officer in the respondent Town of Southold Police Department. On November 3, 2010, while on duty, the petitioner was injured when his police vehicle collided with a deer. The petitioner was not medically cleared to return to full duty. On December 30, 2016, the respondent Martin Flatley, the chief of police, issued a disciplinary charge against the petitioner. The charge was amended on February 7, 2017, and the petitioner was charged with one count of incompetence due to excessive absenteeism as a result of his being physically unable to perform his duties on scheduled work days from July 1, 2015, until December 30, 2016. Following a hearing, in findings of fact and recommendations dated June 26, 2017, a hearing officer found the petitioner guilty of the charge and recommended that his employment be terminated. By resolution adopted August 15, 2017, the respondent Town of Southold, through its Town Board, adopted, with modifications not relevant here, the findings and recommendations of the hearing officer, and terminated the petitioner from his position as a police officer. The petitioner commenced this proceeding pursuant to CPLR article 78, seeking to annul the Town's determination. By order dated June 12, 2018, the Supreme Court, Suffolk County, transferred the proceeding to this Court pursuant to CPLR 7804(g).
As a threshold matter, for the reasons set forth in Matter of Hunstein v Town of Southold ( ___ AD3d ___ [decided herewith]), the Town did not act arbitrarily and capriciously, abuse its discretion, or commit an error of law.
"'To annul an administrative determination . . . after a hearing directed by law at which evidence is taken, a court must conclude that the record lacks substantial evidence to support the determination'" (Matter of Tenemille v Town of Ramapo, 188 AD3d 704, 705, quoting Matter of Gazda v New York State Dept. of Motor Vehs., 159 AD3d 903, 904; see CPLR 7803[4]; Matter of Tevlin v Board of Educ. of Great Neck Union Free Sch. Dist., 191 AD3d 892, 893). "Substantial evidence consists of such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Tenemille v Town of Ramapo, 188 AD3d at 705 [internal quotation marks omitted]; see Matter of Tevlin v Board of Educ. of Great Neck Union Free Sch. Dist., 191 AD3d at 893). It is "'less than a preponderance of the evidence' and 'demands only that a given inference is reasonable and plausible, not necessarily the most probable'" (Matter of Noonan v Chong, 186 AD3d 713, 714, quoting Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045-1046). "A reviewing court may not weigh the evidence or reject the choice made by the hearing officer where there is conflicting evidence and room for choice exists" (Matter of Tenemille v Town of Ramapo, 188 AD3d at 705 [internal quotation marks omitted]; see Matter of Tevlin v Board of Educ. of Great Neck Union Free Sch. Dist., 191 AD3d at 893; Matter of Noonan v Chong, 186 AD3d at 714). "'It is the function of the administrative agency, not the reviewing court, to weigh the evidence, assess the credibility of witnesses, and determine which testimony to accept and which to reject'" (Matter of Noonan v Chong, 186 AD3d at 714, quoting Matter of Mundinger v Smithtown Cent. Sch. Dist., 152 AD3d 607, 607).
Here, the determination that the petitioner was guilty of the charge of incompetence is supported by substantial evidence. The petitioner's contention that his absences were approved misperceives the nature of the charge (see Cicero v Triborough Bridge & Tunnel Auth., 264 AD2d 334, 336). The petitioner was dismissed on the ground that his excessive absenteeism constituted incompetence. Thus, the fact that his absences were authorized was "irrelevant to the ultimate issue of whether his [or her] unreliability and its disruptive and burdensome effect on the employer rendered him [or her] incompetent to continue his [or her] employment" (Matter of Tevlin v Board of Educ. of Great Neck Union Free Sch. Dist., 191 AD3d at 893-894 [internal quotation marks omitted]; see Cicero v Triborough Bridge & Tunnel Auth., 264 AD2d at 336; Matter of Garayua v Board of Educ. of Yonkers City School Dist., 248 AD2d 714, 714).
The parties' remaining contentions are either academic in light of our determination or without merit.
IANNACCI, J.P., CHAMBERS, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court