Matter of Hunstein v Town of Southold (2022 NY Slip Op 02413)

Matter of Hunstein v Town of Southold

2022 NY Slip Op 02413

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2018-08103
 (Index No. 4748/17)

[*1]In the Matter of David Hunstein, petitioner,
v
Town of Southold, et al., respondents.

Davis & Ferber, LLP, Islandia, NY (Christopher S. Rothemich and Alex J. Kaminski of counsel), for petitioner.
Lamb & Barnosky, LLP, Melville, NY (Richard K. Zuckerman and Matthew J. Mehnert of counsel), for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the respondent Town of Southold dated August 15, 2017. The determination adopted, with modifications, the findings of a hearing officer dated July 17, 2017, made after a hearing pursuant to Town Law § 155 and Civil Service Law § 75, that the petitioner was guilty of incompetence, and terminated the petitioner's employment as a police officer with the respondent Town of Southold Police Department.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner worked as a police officer in the respondent Town of Southold Police Department. On June 27, 2012, while on duty investigating a motor vehicle accident, the petitioner was injured when he slipped on a piece of plastic and fell shoulder-first into a vehicle. The petitioner was not medically cleared to return to full duty. On December 30, 2016, the respondent Martin Flatley, the chief of police, issued a disciplinary charge against the petitioner. The charge was amended on February 7, 2017, and the petitioner was charged with one count of incompetence due to excessive absenteeism as a result of his being physically unable to perform his duties on scheduled work days from July 1, 2015, until December 30, 2016. Following a hearing, in findings of fact and recommendations dated July 17, 2017, a hearing officer found the petitioner guilty of the charge and recommended that his employment be terminated. By resolution adopted August 15, 2017, the respondent Town of Southold, through its Town Board (hereinafter the Town Board), adopted, with modifications not relevant here, the findings and recommendations of the hearing officer, and terminated the petitioner's employment as a police officer. The petitioner commenced this proceeding pursuant to CPLR article 78, seeking to annul the Town's determination. By order dated June 12, 2018, the Supreme Court, Suffolk County, transferred the proceeding to this Court pursuant to CPLR 7804(g).
As a threshold matter, contrary to the petitioner's contention, the Town did not act arbitrarily and capriciously, abuse its discretion, or commit an error of law by choosing to not utilize the provisions of Civil Service Law § 71 to separate him from his employment. Civil Service Law [*2]§ 71 authorizes the termination of employment of a civil service employee who is absent for a cumulative period of more than one year due to an occupational injury, if the employee remains physically or mentally unable to return to work (see id.; Matter of Allen v Howe, 84 NY2d 665; Matter of Enlarged City Sch. Dist. of Middletown N.Y. v Civil Serv. Empls. Assn., Inc., 148 AD3d 1146, 1148). A similar statute, Civil Service Law § 73, addresses the related circumstance of civil service employees who are absent for a prolonged period due to injuries sustained outside the scope of employment (see id.; Matter of Allen v Howe, 84 NY2d at 669; Matter of Enlarged City Sch. Dist. of Middletown N.Y. v Civil Serv. Empls. Assn., Inc., 148 AD3d at 1148). Sections 71 and 73 were adopted in 1958 and 1965, respectively, "to address the difficult situation created by the prolonged absence of a civil service employee" (Matter of Allen v Howe, 84 NY2d at 671). "Prior to the enactment of these provisions, a civil service employer was unable to fill the vacancy created by the absent, disabled employee, short of the employee's resignation, unless the employer instituted a disciplinary proceeding alleging incompetency or incapacity to perform, and the employee was dismissed after a hearing adjudging such 'incompetency'" (id.). "Section 71 was designed to remove the procedural hurdle imposed by [S]ection 75 by allowing a State governmental employer to terminate an employee without resort to a disciplinary proceeding and providing the injured employee a mechanism for later reinstatement" (Matter of Jordan v New York City Hous. Auth., 33 NY3d 408, 413 [internal quotation marks omitted]).
Here, however, neither the statute itself nor the controlling case law mandates the use of Civil Service Law § 71 as the exclusive procedure to separate an employee who is absent due to injury. Civil Service Law § 75 remains available as a procedure for terminating employment upon a finding of incompetence (see Matter of Allen v Howe, 84 NY2d 665). While a disciplinary proceeding pursuant to section 75 is not an appropriate proceeding for determining the physical or mental "unfitness" of an employee within the meaning of Civil Service Law § 72(1) (see Matter of Cymbalsky v Dilworth, 97 AD2d 543, 543; see also Civil Service Law § 72), it is well established that the employment of a municipal employee may be terminated for "incompetence" due to excessive absences after a Section 75 hearing, even where those absences were caused by physical incapacity (see Matter of Tevlin v Board of Educ. of Great Neck Union Free Sch. Dist., 191 AD3d 892, 893; Matter of Considine v Pirro, 38 AD3d 773, 774-775; Cicero v Triborough Bridge & Tunnel Auth., 264 AD2d 334, 336; Matter of Garayua v Board of Educ. of Yonkers City School Dist., 248 AD2d 714, 714). Here, the record reflects that the petitioner was found guilty of the charge of incompetence based on excessive absenteeism.
The petitioner failed to sustain his burden of demonstrating, prima facie, that the disciplinary charge was time-barred by Town Law § 155 and the local law enacted pursuant thereto, Code of the Town of Southold (hereinafter Town Code) § 51-6. Town Code § 51-6(A) provides that charges against a member of the Town of Southold Police Department "shall not be brought more than 60 days after the time when the facts upon which such charges are based are known to the Town Board" (see Town Law § 155). Here, the petitioner failed to proffer evidence demonstrating, prima facie, when the Town Board first learned of his absences during the 18-month period delineated in the charge. Accordingly, the hearing officer and the Town Board did not err in finding that the charge was timely brought.
Contrary to the petitioner's contention, the hearing officer did not find him guilty of uncharged conduct. "It is axiomatic that due process precludes the deprivation of a person's substantial rights in an administrative proceeding because of uncharged misconduct" (Matter of Block v Ambach, 73 NY2d 323, 332; see Matter of Gelfand, 70 NY2d 211, 216). Here, however, the hearing officer's recommendation was based on just 60 days of the 18 months of absences specified in the charge. To the extent that the hearing officer considered, in determining the penalty to recommend, absences predating the period specified in the charge, the petitioner's due process rights were not violated (see Matter of Dickinson v New York State Unified Ct. Sys., 99 AD3d 569, 570).
The petitioner also contends that the Town's determination was not supported by substantial evidence. "'To annul an administrative determination . . . after a hearing directed by law at which evidence is taken, a court must conclude that the record lacks substantial evidence to [*3]support the determination'" (Matter of Tenemille v Town of Ramapo, 188 AD3d 704, 705, quoting Matter of Gazda v New York State Dept. of Motor Vehs., 159 AD3d 903, 904; see CPLR 7803[4]; Matter of Tevlin v Bd. of Educ. of Great Neck Union Free Sch. Dist., 191 AD3d at 893). "Substantial evidence consists of such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Tenemille v Town of Ramapo, 188 AD3d at 705 [internal quotation marks omitted]; see Matter of Tevlin v Board of Educ. of Great Neck Union Free Sch. Dist., 191 AD3d at 893). It is "'less than a preponderance of the evidence' and 'demands only that a given inference is reasonable and plausible, not necessarily the most probable'" (Matter of Noonan v Chong, 186 AD3d 713, 714, quoting Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045-1046). "A reviewing court may not weigh the evidence or reject the choice made by the hearing officer where there is conflicting evidence and room for choice exists" (Matter of Tenemille v Town of Ramapo, 188 AD3d at 705 [internal quotation marks omitted]; see Matter of Tevlin v Board of Educ. of Great Neck Union Free Sch. Dist., 191 AD3d at 893; Matter of Noonan v Chong, 186 AD3d at 714). "'It is the function of the administrative agency, not the reviewing court, to weigh the evidence, assess the credibility of witnesses, and determine which testimony to accept and which to reject'" (Matter of Noonan v Chong, 186 AD3d at 714, quoting Matter of Mundinger v Smithtown Cent. Sch. Dist., 152 AD3d 607, 607).
Here, the determination that the petitioner was guilty of the charge of incompetence is supported by substantial evidence.
The parties' remaining contentions are either academic in light of our determination or without merit.
IANNACCI, J.P., CHAMBERS, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court