Matter of Interrante v City of New York (2023 NY Slip Op 04719)

Matter of Interrante v City of New York

2023 NY Slip Op 04719

Decided on September 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2023

Before: Manzanet-Daniels, J.P., Mendez, Shulman, Rosado, O'Neill Levy, JJ. 

Index No. 155932/22 Appeal No. 632 Case No. 2022-05597 

[*1]In the Matter of Francesca Interrante, Petitioner-Appellant,
v
City of New York et al., Respondents-Respondents.

Kreisberg Maitland Mendelberg & O'Hearn, LLP, New York (Jeffrey L. Kreisberg of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Lorenzo Di Silvio of counsel), for respondents.

Order and judgment (0ne paper), Supreme Court, New York County (Richard Latin, J.), entered December 2, 2022, denying the petition to vacate the termination of petitioner's employment with respondent New York City Department of Consumer and Worker Protection (DCWP) under Civil Service Law § 75 effective April 14, 2022, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Respondents' decision to discharge petitioner under Civil Service Law § 75 for "incompetence" due to excessive absenteeism following a work-related injury is not arbitrary and capricious or affected by an error of law (see Wysocki v Town of Southold, 204 AD3d 811, 812-813 [2d Dept 2022], lv denied 38 NY3d 914 [2022]; Matter of Hunstein v Town of Southold, 204 AD3d 797, 799 [2d Dept 2022], lv denied 38 NY3d 913 [2022]; Cicero v Triborough Bridge & Tunnel Auth., 264 AD2d 334, 336 [1st Dept 1999], lv dismissed 94 NY2d 931 [2000]). Petitioner was continuously absent from work for over 295 days and provided no indication as to when or whether she could return to work.
Petitioner's contention that DCWP erred by using Civil Service Law § 75 instead of § 71 to discharge her is unavailing, as neither the statute itself nor the relevant case law mandates the use of Civil Service Law § 71 as the exclusive procedure to separate an employee who is absent due to injury (see Matter of Hunstein, 204 AD3d at 799; see e.g. Matter of Jordan v New York City Hous. Auth., 33 NY3d 408, 411-412 [2019]). In any event, petitioner fails to allege that her disability has not permanently incapacitated her from the performance of her civil service duties (see e.g. Matter of Allen v Howe, 84 NY2d 665, 669 [1994]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2023