Matter of O'Neill v Newburgh Enlarged City Sch. Dist. (2025 NY Slip Op 05523)

Matter of O'Neill v Newburgh Enlarged City Sch. Dist.

2025 NY Slip Op 05523

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
LAURENCE L. LOVE, JJ.

2023-04551
 (Index No. 2886/22)

[*1]In the Matter of Christa O'Neill, respondent,
v
Newburgh Enlarged City School District, appellant.

Shaw, Perelson, May & Lambert, LLP, Poughkeepsie, NY (Mark C. Rushfield of counsel), for appellant.
Stewart Lee Karlin Law Group, P.C., New York, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to vacate a determination of a hearing officer made pursuant to Education Law § 3020-a dated May 9, 2022, the Newburgh Enlarged City School District appeals from an order and judgment (one paper) of the Supreme Court, Orange County (E. Loren Williams, J.), dated February 24, 2023. The order and judgment denied the motion of the Newburgh Enlarged City School District to dismiss the petition and granted the petition.
ORDERED that the order and judgment is reversed, on the law, with costs, the motion of the Newburgh Enlarged City School District to dismiss the petition is granted, the petition is denied, and the proceeding is dismissed.
The petitioner was a tenured teacher employed by the Newburgh Enlarged City School District (hereinafter the school district). In April 2019, the petitioner was issued a notice of discipline for failing to accurately document speech services on her caseload during the 2016-2017 and 2017-2018 school years. Thereafter, on or about July 15, 2019, the petitioner and the school district entered into a "last chance" disciplinary settlement agreement (hereinafter the last chance agreement) in which they agreed that if, at any time prior to the last day of the 2021-2022 school year following written notice and a 45-day period to cure, the petitioner was determined by a hearing officer after a hearing pursuant to Education Law § 3020-a to have engaged in similar neglect, the school district would be entitled to terminate the petitioner's employment.
On April 5, 2021, the school district notified the petitioner that she was not in compliance with the last chance agreement due to her failure to accurately document speech services during the 2020-2021 school year and directed her to cure the deficiencies within 45 days. On June 23, 2021, upon the petitioner's failure to cure, the school district brought disciplinary charges against the petitioner.
During a hearing held before a hearing officer pursuant to Education Law § 3020-a, the petitioner contended, inter alia, that the charged conduct was not substantially similar to the conduct at issue in the last chance agreement because she had been assigned additional duties and responsibilities due to the COVID-19 pandemic and that she did enter the required information to [*2]accurately document the services she provided. The hearing officer permitted the school district to rebut these assertions by demonstrating that the additional entries submitted by the petitioner were entered after the 45-day period to cure and that prior to the COVID-19 pandemic, she had failed to document her sessions during the 2019-2020 school year, which was outside of the charged period. Based partly upon this showing, the hearing officer issued a determination dated May 9, 2022, which sustained the specifications alleged by the school district and recommended the termination of the petitioner's employment.
The petitioner subsequently commenced this proceeding pursuant to CPLR article 75, among other things, to vacate the determination of the hearing officer, contending that the arbitration did not conform with Education Law § 3020-a. The school district moved to dismiss the petition. In an order and judgment dated February 24, 2023, the Supreme Court denied the school district's motion and granted the petition. The school district appeals.
"The standard of review mandated by Education Law § 3020-a (5)(a) is that of CPLR article 75, which provides that an arbitration award may be vacated only on a showing of misconduct, bias, excess of power, or procedural defects. Where, as here, the obligation to arbitrate arises through statutory mandate, the arbitrator's determination is subject to closer judicial scrutiny than it would receive had the arbitration been conducted voluntarily. The award in a compulsory arbitration proceeding must have evidentiary support and cannot be arbitrary and capricious. In addition, article 75 review questions whether the decision was rational or had a plausible basis. When reviewing compulsory arbitrations in education proceedings such as this, the court should accept the hearing officer's credibility determinations, even where there is conflicting evidence and room for choice exists" (Matter of Harvey v Board of Educ. of the Uniondale Union Free Sch. Dist., 221 AD3d 899, 899-900 [citations and internal quotation marks omitted]).
Here, the determination recommending the termination of the petitioner's employment was rational, had evidentiary support, and was not arbitrary and capricious (see id. at 900).
Contrary to the petitioner's contention, the hearing officer did not find her guilty of uncharged conduct. "'It is axiomatic that due process precludes the deprivation of a person's substantial rights . . . because of uncharged misconduct'" (Matter of Hunstein v Town of Southold, 204 AD3d 797, 800, quoting Matter of Block v Ambach, 73 NY2d 323, 332). However, the hearing officer's consideration of uncharged misconduct in order to determine the appropriate penalty to recommend regarding the charged conduct did not violate the petitioner's due process rights (see id.; Matter of Dickinson v New York State Unified Ct. Sys., 99 AD3d 569, 570).
Contrary to the petitioner's additional contention, the hearing officer did not improperly apply the last chance agreement, as the last chance agreement constituted a valid, binding contract, and the neglect complained of, to wit, the failure to accurately document speech services during the 2020-2021 school year, was identical to the previously charged conduct (see Matter of Watson v Healy, 119 AD3d 808, 809).
Accordingly, the Supreme Court should have granted the school district's motion to dismiss the petition, denied the petition, and dismissed the proceeding.
GENOVESI, J.P., MILLER, VENTURA and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court